## Mayo, et al. v. Cooksey, et al.

(Decided April 25, 1912.)

### Appeal from Warren Circuit Court.

Wills—Rule of Construction—Irreconcilable Discrepancy in Clauses of Will—Last Clause Will be Enforced.—It is a well recognized rule of construction that, where there is an irreconcilable discrepancy between two clauses of a will, the last clause in place in the will will be enforced, and the preceding clause in conflict with it will be annulled.

GRIDER & HARLIN and HERDMAN & GARDNER for appellants.

T. W. and R. C. P. THOMAS, BYRON RENFREW and NERGE CLARK for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Thomas J. Johnson, a colored man, died in Warren County in 1911. His will was probated in the county court of that county on the 25th of July following his death. He had no children, but was survived by a wife, one brother, one sister and three nephews, children of a deceased brother.

Shortly after his will was probated a dispute arose as to the extent of the estate which passed thereunder to the widow. This resulted in the institution of a suit in the Warren Circuit Court by the sister, brother and nephews of the deceased against the executor for a construction of the will, of which the following is a copy:

"I, Thomas J. Johnson, of the county of Warren and State of Kentucky, being of sound mind and disposing memory, do make and publish this my last will and testament, hereby revoking any and all wills heretofore made by me.

"1st. I desire and direct that all of my honest debts be paid, and that at my death I be given a decent and

modest burial at the left of the grave of my first wife, in my lot in Mount Moriah Cemetery, and request that a solid stone be placed across the head of my grave and the grave of my first wife and the space for a third grave and places cut out in said stone in which a tombstone can be erected. Said stone to extend across to solid ground on either side of grave.

"2d. I hereby direct my executor hereinafter named to sell and dispose of the house and lot that I own in Louisville, Kentucky, situated on Grayson street, between Eleventh and Twelfth streets, and the proceeds arising from said sale I direct shall be applied on the debt due the Citizens National Bank of this city and any balance to be paid on the debt due Annie Shields. I also direct my said executor to sell to the highest and best bidder the vacant lot I own on the corner of Park street and second street in the city of Bowling Green, Kentucky, and the proceeds from this I direct shall be used in the payment of any debts I may owe.

"3d. I hereby give and devise to James T. Cooksey the vacant lot I own on Park street, city of Bowling Green, Kentucky, and known as the McPheeters lot and between First and Second streets, the same to be held and enjoyed by him absolutely, on this there is a log shanty.

"4th. I also empower my said executor to sell at the Courthouse door in Bowling Green, Kentucky, to the highest and best bidder the lot of ground now owned by me on State street and also the three houses and lots that I own on Brown street in said city, the proceeds of which I direct shall be invested in good mortgage bonds, the income from which shall be for the sole use and benefit of my wife, Sarah Esther Johnson.

"5th. After the payment of my debts and funeral expenses and the costs of winding up my estate, I hereby give, devise and bequeath all the residue of my property, both real, personal and mixed absolutely to my wife, Sarah Esther Johnson, the same to be held by her absolutely and with power to dispose of as she may see fit.

"6th. All of my personal property, except my household goods, to be sold by my said executor at public auction.

"7th. I hereby nominate and appoint Byron Renfrew to be the executor of this my last will and testament and request my said wife that she consult him as to the management of her affairs.

"In testimony whereof, I have hereunto affixed my hand, this April 18th, 1911, in the presence of witnesses hereto, who sign in my presence and at my request and I sign in their presence.

"THOMAS JEFFERSON JOHNSON.

"Witnesses: ESTHER L. PARKER,
        V. LOVING."

It was insisted for the plaintiffs that, under the fourth clause of the will, the executor was directed to sell certain real estate and invest the proceeds in good mortgage bonds, and that the income from these bonds should be paid annually to the widow during her life, and at her death said bonds should pass to the plaintiffs as the undevised estate of the decedent. For the defendant it is claimed that, when the will is read as a whole, and particularly when effect is given to section five thereof, that, after the payment of the debts as provided in section one and the satisfaction of the special bequest as provided for by section three, the widow takes absolutely the remainder of the estate. Upon consideration the chancellor adopted the latter view, and the plaintiffs appeal.

If the contention of appellants is correct and there is an irreconcilable conflict between the provisions of the will as found in clauses four and five, whatever construction may be placed upon clause four, there can be no question but what the widow takes an absolute fee in all of the estate of her deceased husband remaining after the Cooksey bequest is satisfied and the debts paid. It is a well recognized rule of construction that, where there is an irreconcilable discrepancy between two clauses of a will, the clause last in place in the will will be enforced, and the preceding clause, in conflict with it, annulled. Page on Wills, section 470. Clause four can not be upheld unless it can be so construed as to make it harmonize with the provisions of the will as expressed in clause five, so as to give the widow the fee in the property. If this could be done, it would have the same effect upon the claim asserted by appellants as though it was entirely rejected, for in either event the ruling of the chancellor would have to be upheld.

Viewed in this light, we deem it unnecessary to enter upon a consideration of the question as to whether or not clause four can be so construed, in connection with clause five, as that it may be upheld, for whether

it can or can not is wholly immaterial for the purposes of this case, since clause five controls, and under it the widow takes an absolute estate in all of the property owned by her husband after the Cooksey bequest is satisfied and his debts paid.

Judgment affirmed.