## Fullenlove v. Vaughn, et al.

(Decided January 14, 1913.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Wills—Construction of.—A testator in clause two of his will devised to his daughter, Sarah, the fee in sixty acres of land, subject to

the payment of a specified sum of money. In clause four he pro-
vided that if his daughter, Sarah, should die without issue before
her husband, the husband should have a life estate, and at his
death the property should revert to the heirs of the testator.

Held: that clauses two and four must be read together, and when so
read the intention of the testator was to give his daughter the
fee provided she did not die without issue before the death of
her husband, and the daughter took the fee, subject to be defeated
by this contingency.

WALTER S. MENDEL, for appellant.

BENJ. F. GARDNER, for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant, Fullenlove, to whom the appellee,
Sarah Vaughn, sold a tract of land containing sixty
acres, refused to accept the title, upon the ground that
the Vaughns could not convey the fee.    Whether they
could or not depends on the construction of the will of
John Fegenbush, from whom Sarah Vaughn, a daughter
of Fegenbush, derived title to the land.   The lower court
held that the Vaughns could convey the fee, and Fullen-
love, in order to have the question finally settled, brings
the case to this court.

The testator, Fegenbush, in the second clause of his
will, after reciting that he had previously deeded to his
other children certain described land, said:  "Therefore
I desire my daughter, Sarah Vaughn, to have the home-
stead upon which I reside, containing about sixty acres,
upon the following conditions:  I have paid $475 in pay-
ment for the house and lot upon which Dudley Vaughn
now resides in Jeffersontown, Ky., and that amount is
to be paid back by said Dudley and Sarah Vaughn to my
heirs, and anything more that may be realized by the
sale of said house and lot shall go to said Dudley and
Sarah Vaughn."

In the second clause he gave his cash and cash notes
to his widow for life, and after her death to his children,
share and share alike.  In the fourth clause he said:  "I
desire that my widow have a home during her life upon
the homestead with my daughter Sarah.  Further, if my
daughter Sarah should die without issue before the death
of Dudley Vaughn, her husband, I desire him to have
the use of the homestead during his lifetime, and at his
death it shall revert to my heirs."

It will be observed that, in the second clause of the
will, the testator devised absolutely to his daughter,

Sarah Vaughn, the homestead of sixty acres, subject to the condition that she and her husband should pay to his other heirs $475, which they have done, so that under this clause standing alone there could be no question raised as to the right of the Vaughns to convey the fee; but in the fourth clause it will be noticed that if his daughter Sarah should die without issue before the death of her husband, the husband is to have the use of the land during his life, and at his death it is to revert to the heirs of the testator.

The question is, does the fourth clause limit to a defeasible fee the absolute fee, subject to the condition that has been satisfied, the estate devised in the second clause? We think it does. Items 2 and 4 of the will must be read together, and when so considered the testator plainly expressed his purpose to give his daughter the fee, subject to the condition that if she died without issue before the death of her husband, at the death of the husband the property devised should revert to the heirs of the testator. Under these provisions the daughter took the fee, subject to be defeated by the contingency expressed in clause four. The language used in clause four is plain and unmistakable, and unless this clause should be ignored entirely, there is no escape from the conclusion that the testator intended to limit the estate given in clause two.

If there were room for reasonable doubt as to the intention of the testator, or the will could be fairly so construed as to vest in his daughter the fee, we would adopt this construction, but the meaning of the words employed by the testator leaves no room for a construction other than that expressed in the language used. If the testator had omitted the words in clause four, "and at his death it shall revert to my heirs," it might well be said that he gave his daughter the fee, subject to a life estate in her husband if he survived her, but by the use of the words indicated the testator put an end to any question that might arise as to his purpose. If his daughter dies without issue before the death of her husband, the husband takes a life estate, with remainder to the heirs of the testator, and consequently the Vaughns could not convey a good, merchantable title.

The judgment is reversed, with direction to enter a judgment in conformity with this opinion.