## Muir's Executors, et al. v. Howard.

(Decided November 27, 1917.)

### Appeal from Nelson Circuit Court.

1.   Wills—Inconsistent Provisions.—Where two inconsistent clauses of a will may be reconciled, they should be so construed, if possible, as to give effect to both clauses.

2. Wills—Intent—Extraneous Circumstances.—To give effect to testator's intent, resort may be had to the circumstances under which the will was written.

3. Wills—Interest—Powers.—Where there is no limitation upon an estate devised and no devise over, it cannot be construed as a life estate simply because the power of its alienation was placed in trustees and withheld from the devisee.

4. Wills—Interest—Trusts.—Will construed and held to vest testator's son with fee simple title to a farm devised to him, with power of its alienation denied to him and placed in trustees, and that the trust expires on the death of the son.

5. Dower—Allotment—Devises.—The widow of a testator's son is entitled to dower in a farm devised to him in fee although impressed with a testamentary trust during his life; and to have the dower interest allotted to her upon the termination of the trust.

NAT W. HALSTEAD and JOHN D. WICKLIFFE for appellants.

REDFORD C. CHERRY, JOHN S. KELLY and KELLY & KELLY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

J. W. Muir, of Bardstown, Kentucky, died April 10, 1907, testate, survived by a widow and seven children, among whom he divided his large estate. He made the following provisions in his will for his son, Charles W. Muir:

"My farm conveyed to me by my brother, John Muir, near Stringtown, Nelson county, I give to my son, Charles W. Muir. He is to be charged therewith in the settlement of my estate with $10,000.00."

"Now, the landed estate I give to Charles is to be held in trust by my executors for himself and family with power to sell and convey, should it be thought best by the acting executors. But he is not to sell nor to encumber said land in any way."

Within three months after the death of the testator, his son, Charles W. Muir, died intestate, leaving a widow and two infant children. The widow of Charles W. Muir afterwards married George Howard, and asserted a right of dower in the farm devised to her former husband. The executors of J. W. Muir, and the guardian of the infant children of Charles W. Muir, then instituted this suit controverting the claim of the widow of Charles W. Muir to right of dower in this farm, and asking a construction of the will as to this particular devise, and that the title to same be quieted. The widow, by answer

and counter-claim, asserted her right to dower. The court, on final hearing, adjudged that she was entitled to dower and directed that same be allotted to her. From that judgment the infants, by their statutory guardian, and the executors prosecute this appeal, and for reversal insist that the two clauses, under which the farm was devised to Charles W. Muir, are inconsistent and repugnant, in that the first clause gave to him a fee simple title to the land, whereas, in the latter clause his interest in the land is limited to a life estate, and that the two clauses being irreconcilable and the latter, being the latest expression of the testator, must prevail over the former.

In support of this contention, we are referred to Mayo v. Cooksey, 148 Ky. 43; Schouler on Wills, Executors and Administrators, 5th Ed., vol. 1, section 478; Page on Wills, section 470. These authorities support the rule stated in the syllabus in the case of Mayo v. Cooksey, *supra*, as follows:

"It is a well recognized rule in construction that, where there is an irreconcilable discrepancy between two clauses of a will, the last clause in place in the will will be enforced and the preceding clause in conflict with it will be annulled."

That this rule is applicable when there is an irreconcilable discrepancy between two clauses of a will, is conceded by counsel for appellee; but they deny that there is any such discrepancy between the two clauses quoted above. That the first of these clauses vested in Charles W. Muir an absolute fee simple title to the farm is conceded by all parties, but counsel for appellee insist that there is no invincible repugnancy in the latter clause to the first, and that the two clauses ought to be reconciled, calling to their aid another well recognized rule of construction, that varying and conflicting clauses of a will must, if possible, be reconciled so as to make each clause operative. That the rule, relied upon by appellants, is applicable only when the conflict amounts to an irreconcilable discrepancy is recognized in the authorities cited by appellant; and, if the two clauses may be reconciled so as to give effect to both, our duty to do so is manifest.

In order to reconcile the discrepancies between the two clauses and to give effect to the intention of the testator, it is permissible for us to consider the circumstances under which the will was made. The testator was a learned and successful lawyer. He wrote the will

with his own hand, knowing the legal significance of what he wrote. His son, Charles, was addicted to the excessive use of intoxicating liquors. That the provisions made for him by his father in his will materially differed from the provisions made for his other children as to the use of the property devised to them, is convincing evidence of the father's conviction that this son was incapable of managing, and preserving the value of, the property he was giving to him; and the latter clause was made for the evident purpose of protecting Charles W. Muir and those dependent upon him, his wife and children, against his profligacy. That the testator did not intend to limit Charles W. Muir's interest in the land devised to a life estate is, to our minds, satisfactorily proved by the fact that no attempt was made to dispose of the remainder interest in the land. Unless the fee was vested in Charles W. Muir, it was not disposed of at all; and of this portion of his large estate, and of this alone, the testator died intestate, a conclusion repugnant alike to every inference of law and to every expression of the will. That the testator entertained any such intention or contemplated such a result is repudiated in the statement found in the will, "I wish strict justice to each and all," which would not be done if his son, Charles, were to be charged with ten thousand dollars for the interest he was given in this land, as provided in the will, if it should be held to be a life estate only. Being learned in the law and knowing the legal effect of the first clause, by which he unquestionably gave to his son, Charles, the farm absolutely and in fee, the testator, if he meant by the latter clause to annul the first and give to Charles a life estate only, would certainly have made some disposition of the fee. Moreover, the testator in the later clause reiterated that he had *given* the land to Charles, and provided only that it was to be held in trust by his executors for the benefit of the son and his family, with power in the executors to sell and convey, and that the son could neither sell nor encumber the land in any way.

While a denial of a right of alienation is usually destructive of a fee title in land, such is not always the result. In Webster's Trustee v. Webster, 93 Ky. 632, Euphemia Webster, a daughter of the testator, was devised $10,000.00 and an undivided one-fifth interest in the residue of his estate, which, under the provisions of the will, was placed in the hands of a trustee, with directions to keep same at interest, collect and appropriate

the interest for her support, and to invest the surplus, if any. This court, in disposing of the contention that this limitation upon the right of the devisee to control and dispose of the devised property was incompatible with an absolute estate, said:

"The appointment of a trustee to take charge of the estate and to limit its expenditures upon Euphemia, was evidently in view of the fact that the testator did not regard her as competent to take care of it, and the appointment is not incompatible with an absolute estate to the devisee."

In Drye v. Cunningham, 74 S. W. 272, was construed the will of Charles Grundy, under which the property devised to his daughter was placed in trust. There, as in the case at bar, it was urged that the estate devised to his daughter should be construed to be a life estate, because the funds were placed in the hands of a trustee; and the court answered that contention as follows:

"There being no limitation upon the estate devised to the daughter, and no devise over, it cannot be construed as a life estate merely because the fund was placed in the hands of a trustee. The creation of the trust did not change the character of the estate devised to Mrs. Tucker. It was her property, held in trust for her."

Since there was no limitation upon the estate devised to Charles W. Muir and no devise over, it cannot be construed as a life estate simply because the right of alienation was during the life of Charles W. Muir, placed in trustees, for the very evident and sole purpose of protecting the fee against the improvident and wasteful habits of the devisee, and Chas. Muir took the fee subject only to the spendthrift clause or trust not destructive of the fee, but designed especially for its protection. The two clauses in question, when thus reconciled and construed, give full effect to the expressed intention of the testator. Any other construction does violence to the will as a whole and to other of its provisions. Under the construction we have placed upon the will, the trust expired at the death of Charles W. Muir and his children took the land, by inheritance, subject to the dower of his widow.

The judgment is affirmed.