## Barrett, et al. v. Percival.

(Decided December 15, 1922.)

### Appeal from Campbell Circuit Court·

1. Wills—Intention of Testator.—In construing a will it should be the sole object of the chancellor to arrive at the intention of the testator as disclosed by the entire instrument; and where that intention is plainly expressed, no technical rule of construction should be permitted to defeat it.

2. Wills—Devise in Trust—Condition Precedent.—The will of a testatrix, after making certain specific bequests, devised to her son, George Johnson Barrett, the half of her real and personal estate and subsequently in the same clause provided that the property so devised should be held in trust by another son, Oscar F. Barrett, for the devisee, and only its income used for the support of the latter and his family, "until such time that my son, George Johnson Barrett, has proven within five years from the date of my demise, to the satisfaction of herein named trustee that my said son, George Johnson Barrett, is capable of handling his own money. Should my said son, George Johnson Barrett, die, then any interest of his that may still be held in trust under this will shall go to the support of my said son, George Johnson Barrett's minor children until the youngest becomes of age, at which time

any of the amount remaining in said trust shall be equally divided between his living children." Held, that the devise made George Johnson Barrett by the will being upon the condition precedent that he would within the time required by the provisions of the will, prove to the satisfaction of the trustee his capacity to manage the estate devised, his failure to perform the condition precedent will prevent the vesting in him of the fee to the estate devised and necessarily continue the trust under which the estate is to be controlled by the trustee.

3. Trusts—Performance of Condition Precedent.—The five years fixed by the will for the performance of the condition precedent by the devisee has not yet expired, but as that time was evidently given for the purpose of affording the devisee a reasonable opportunity to establish his capacity to manage the property and at the same time prevent the vesting in him of the title during the five years, it will not be presumed that the testatrix intended that his failure to perform the condition precedent within the five years, should forever bar his right to do so after the expiration of that period.

4. Trusts—Postponement of Vested Estate.—It, obviously, was the intention of the testatrix, as gathered from the entire will, to postpone absolutely the vesting of the estate thus devised, for five years after her death, and as much longer as the trustee may require to satisfy himself of the permanent reformation of the devisee and his capacity to manage the estate devised him; until which time the trust committed to the trustee shall continue. If, however, the devisee should die without performing the condition precedent, the trust will continue for the benefit of his children, if under age, until the youngest becomes 21 years of age, and the trust estate then be divided among them, or the survivors, equally by the trustee.

5. Specific Performance—Finding of Chancellor.—As the deed by which the interest of the appellant, George J. Barrett, in the real estate devised by the will of his mother was attempted to be conveyed the appellee, the intending purchaser, would not have invested the latter with a fee simple title to such interest, as required by the contract of sale, the judgment of the chancellor so holding and dismissing the appellant's action for a specific performance of the contract, was not error.

L. J. CRAWFORD and A. M CALDWELL for appellants.

BARBOUR & BASSMAN and BRENT SPENCE, Guardian *ad litem* for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action in equity was brought by the appellant, Oscar F. Barrett, George Johnson Barrett, and their respective wives, to compel the specific performance by

the appellee, Harry W. Percival, of a contract whereby he purchased of them two parcels of real estate near the city of Newport, Campbell county, at prices aggregating $16,000.00, $5,000.00 to be paid in cash and the remainder in one and two year equal payments secured by lien on the real estate, with option to the purchaser to pay the whole in cash. The sale of the property was formally consummated by the appellants through a realty company at public auction, after due advertisement, at which the appellee as the highest and best bidder became the purchaser. Immediately following the acceptance of his bid the appellee paid $700.00 of the purchase price of the property and executed to the appellants' agent, the realty company's auctioneer, a writing evidencing the terms of the contract of sale, which, at the instance of the auctioneer, was made to include, as a vendor of the property sold, the name of the administrator with the will annexed of the estate of Dorothy Barrett, the deceased mother of Oscar F. and Geo. J. Barrett, and former owner of the property, this being done upon the supposition of the auctioneer that the sale would have to be approved by the judgment of a court, in some sort of proceeding to which the administrator would be a necessary party.

The appellants, Oscar F. and Geo. J. Barrett, the wife of each uniting therein with her husband to relinquish dower and homestead, duly executed and tendered to the appellee a deed of conveyance to the two parcels of real estate in question, which contained the usual covenant of general warranty, such tender being accompanied by a demand that he comply with the terms of the contract of sale. Appellee refused, however, to accept the deed or perform the contract, which refusal was immediately followed by the institution of the present action.

It appears from the answer of the appellee that his refusal to perform the contract was and is rested upon the ground that the deed tendered him by the appellants does not comply with their contract with him, because, as alleged, it would not and cannot invest him with the fee simple title to the undivided half of the real estate described in the deed of which the appellant George J. Barrett claims to be the owner. The answer also set forth the provisions of the will of Dorothy Barrett, under which the appellants Oscar F. and George J. Barrett claim title to the real estate in question and the con-

struction of those provisions particularly relating to the interest of George J. Barrett therein, insisted upon by the appellee; and alleged that the four children of George J. Barrett, viz.: Georgie May Barrett, Ruth Johnson Barrett, Marjorie Barrett and Virginia Barrett, all infants under twenty-one years of age, have each an interest in the property adverse to that of the father, for which reason the answer was made a cross-petition against them, and summons thereon duly served upon them, which was followed by the appointment of a guardian *ad litem* to represent them in the action, whose answer as such, among other things, set up their alleged interest in the property under the will of their grandmother, Dorothy Barrett, and concurred in the construction of the provisions of that instrument contended for by the answer of the appellee.

The appellants filed a general demurrer to the appellee's answer and each paragraph thereof, which the circuit court overruled, thereby sustaining the appellee's contention that the deed tendered appellee by the appellants, for the reasons stated in the answer, would not convey him a fee simple title to that half of the real estate of which George Johnson Barrett claimed to be the owner. Following the taking of an exception by the appellants to the court's ruling on the demurrer, the cause, by agreement of the parties, was submitted for a final determination of the question of title involved upon the pleadings and exhibits, the latter including the deed tendered, which was filed with the petition, and a certified copy of the will of Dorothy Barrett, filed with the appellee's answer. The submission resulted in a judgment dismissing the petition, and, likewise, in the present appeal from that judgment.

The will of Dorothy Barrett was admitted to probate April 17, 1920. As the decision of the question of title presented by the appeal is wholly controlled by the provisions of clause 7 of the will, mention of the preceding clauses is unnecessary, except to say that clause 1 provides for the payment of the debts and funeral expenses of the testatrix; 2, devises absolutely to her son, the appellant Oscar F. Barrett, one-half of her real and personal estate; and 3, 4, 5 and 6 make specific bequests or legacies of money, jewelry or other personal effects to certain relations. Clause 7, reads as follows:

"Seventh. I give, devise and bequeath to my son, George Johnston Barrett, his heirs and assigns, the other

half of all my real and personal property, with the stipulation that the three thousand ($3,000.00) dollars bequeathed to Mrs. Alma Barrett and Florence Dorothy Barrett is to be deducted out of my said son, George Johnston Barrett's half interest in the personal property; furthermore, my said son, George Johnston Barrett is to pay into my estate the balance due me from him for money advanced him, and I hereby request and appoint my son Oscar F. Barrett as trustee of the amount willed said son George Johnston Barrett as set out hereinbefore, and direct that my said son, Oscar F. Barrett, as trustee, only pay unto the said George Johnston Barrett such sums as he, as trustee, may think advisable, from time to time, but that said payments in any one year shall not amount to more than the annual income on the amount held in trust unless should my said son George Johnston Barrett be in actual need of a larger allowance occasioned by sickness to himself so that he cannot work, then my said son, Oscar F. Barrett as trustee shall have the authority to increase said payments as he may think necessary; otherwise, the said trustee is to hold such principal until such time that my son George Johnston Barrett has proven within five years from the date of my demise, to the satisfaction of herein named trustee that my said son, George Johnston Barrett is capable of handling his own money. Should my said son George Johnston Barrett die, then any interest of his that may still be held in trust under this will shall go to the support of my said son, George Johnston Barrett's minor children until the youngest becomes of age at which time any of the amount remaining in said trust fund shall be equally divided between his living children.''

It is insisted for the appellants that George J. Barrett took, as did his brother Oscar Barrett, under the 7th clause of the mother's will the title in fee simple to an undivided half of the real estate therein devised; and that if any trust is created by that clause with reference to any part of the estate therein devised George J. Barrett, it relates solely to the personal estate given him. Consequently, that the deed tendered appellee by the appellants would have vested in him the fee to the interest of George J. Barrett, as well as that of Oscar F. Barrett, in the real estate in question. On the other hand, it is the contention of the appellee that a trust is created by the 7th clause of the will which appplies to the half of the real as well as personal estate it devises

George J. Barrett; and that the devise as to both is on
the condition precedent, that the title should vest in
George J. Barrett only in the event of his proving, within
five years from the date of the testatrix's death, to the
satisfaction of Oscar F. Barrett, as trustee under the
will, of his (George J. Barrett's) half of the devised
real and personal estate, that he is capable of managing
it himself.

We think it fairly apparent from the language of the
7th clause of the will that the provisions respecting the
trust apply to the real as well as to the personal estate
it devises George J. Barrett. The testatrix was evi-
dently afraid he would squander what she gave him, hence
the avowed object of the trust was to protect or conserve
the estate devised him against his admittedly improvi-
dent and spendthrift habits; and this aim could not have
been accomplished without extending the trust to the
real estate, which largely exceeds in value the personal
estate going to him under the will. The language setting
forth the conditions attached by the will to what is de-
vised George J. Barrett, shows that the testatrix, while
not skilled in the use of language, understood the dis-
tinction between real and personal property and how to
indicate to what class of property the respective condi-
tions should apply. Thus one of the conditions imposed
is that $3,000.00 bequeathed by the testatrix to Mrs.
Alma Barrett and Florence Dorothy Barrett "is to be
deducted out of my said son George Johnson Barrett's
half interest in the *personal property.*" The use of this
language indicates the testatrix's conception of the
meaning of the words personal property as distinguished
from real property. Another condition is that George
Johnson Barrett "is to pay into my *estate* the balance
due me from him for money advanced him," thereby cor-
rectly making the word "estate" include both the real
and personal property left by the testatrix. Yet another
condition appoints "my son Oscar F. Barrett as trustee
of the amount willed said son George Johnson Barrett
*as set out hereinbefore.*" We think the testatrix meant
by this expression to particularly designate both real
and personal property. As it is apparent from the sense
in which the words "personal property" were used in
the first condition she obviously knew their meaning, it
is reasonable to infer that she would again have used
them in the third condition, if it had been her intention

that the trust created by that condition should be confined to the personal property devised to George J. Barrett; and as she did not repeat them it must be inferred that she intended to include in the trust more than merely personal property; that is, that by the use of the word "amount" she meant to include the whole, or all the property "willed said son George Johnson Barrett as set out hereinbefore," which, as we have already seen, is "the other one-half of all my real and personal property," less the deductions that may result under the first and second conditions.

The soundness of the foregoing conclusions cannot, in our opinion, be successfully attacked because of the use in other parts of the same clause of the will of the words "principal," "amount held in trust," "interest" and "trust fund," considering the connection in which they appear and sense in which they are employed. It being our conclusion that the trust created by the 7th clause of the will applied both to the real and personal property thereby devised George J. Barrett, what was the intention of the testatrix with respect to the property, real and personal, devised him by that clause? Manifestly it was her intention to so devise it that George J. Barrett should have only the income from it during the period of five years from and after the death of the testatrix and until he might, to the satisfaction of the trustee, Oscar F. Barrett, prove himself capable of handling it, but in the event he should die before the expiration of the five years, or if after the five years and before he had proven himself capable, then the fee should go to his children and for their support, but to be held in trust for them by Oscar F. Barrett as trustee until the youngest becomes twenty-one years of age. There has been no finding by the trustee, or by judicial ascertainment, that George J. Barrett is capable of "handling" the devised property. The trustee has, it is true, joined in the deed, purporting to convey the devised real estate, tendered the appellee, but only for the purpose of conveying his own individual interest in the real estate; and clearly the conveying of his own interest in the property was not a finding by him as trustee that George J. Barrett was competent to handle or convey his interest therein. It is, however, contended by the appellants that the alleged trust, if one was created by the will, is merely precatory, because inconsistent with the fee previously devised by the will  This contention cannot

prevail, for there is no previous devise of the fee to George J. Barrett, except upon a condition precedent, which is as yet unperformed; therefore the trust is not one undertaken by the trustee at the mere request of the testatrix and with the implied understanding it is to be executed, or not, at the option of the trustee. The language of the will is: "I hereby request and appoint" my son, Oscar F. Barrett, trustee, etc., thereby indicating both his selection and appointment as such trustee, which, together with the powers conferred by the will on the trustee with respect to his control of the trust property and its positive directions as to the manner of their exercise, demonstrates that the trust created by the 7th clause of the will is an express trust, having for its object the protection of the trust property from the improvidence of George J. Barrett, for his benefit and that of his family. The donee, George J. Barrett, is given no control of the property devised, and no discretion regarding its management by the trustee, except to prove himself capable of handling it, which he must do to the satisfaction of the trustee. The conditioning words of clause 7 qualify the previous words contained therein that might otherwise have imported an absolute fee. Fellenlove v. Vaughan, 151 Ky. 513; Spicer, etc. v. Spicer, 177 Ky. 400.

The disposition made by the 7th clause of the will of the property in which George J. Barrett claims an interest being in the nature of an executory devise, or a devise upon a condition precedent, he cannot take the fee thereunder until the condition is performed. Five years from the death of the testatrix is the period of probation fixed by the will for its performance, and that period has not expired nor has the condition been performed by him.

Such disposition of property is not forbidden by law. 2 Blackstone 173; Page v. Frazer's Exr., 77 Ky. 205; Weakly, Trustee v. Buckner, etc., 91 Ky. 457; Muir's Exr. v. Howard, 178 Ky. 51.

In 2 Blackstone, 173, an executory devise of realty is thus defined:

"An executory devise of lands is such a disposition of them by will, that thereby no estate vests at the death of the devisor, but only on some future contingency. It differs from a remainder in three very material points: 1. That it needs not any particular estate to support it. 2. That by it a fee simple, or other less title, may be

limited after a fee simple. 3. That by this means a remainder may be limited of a chattel interest, after a particular estate for life created in the same.''

Upon applying to the will before us the cardinal rule: ''That the sole purpose of construing a will is to arrive at the intention of the testator as disclosed by the entire instrument, and where that intention is plainly expressed, no technical rule of construction will be permitted to defeat it'' (Greenway v. White, etc., 196 Ky. 750; Watkins v. Bennett, 170 Ky. 464), it will be seen that it does not first make an absolute devise to George J. Barrett of the fee to half the real estate and personal property left by the testatrix, which by subsequent provision of the will is attempted to be limited to a lesser estate that would make applicable the rule of construction requiring the limitation over to be declared void, because repugnant to the fee previously devised; nor does the will contain two clauses of such conflicting provisions respecting the character of estate devised, as would put in operation the further rule of construction that allows the latter clause to prevail. The devise to George J. Barrett, the condition precedent upon which it is to take effect and the trust created for the enforcement of his compliance with that condition, are all contained in one clause of the will, and, we may add, a single sentence, which, though of unusual length, is so punctuated by commas alone, as to substantially make of it but one sentence, the clause as a whole showing it to have been the intention of the testatrix, that though George J. Barrett might by his performance of the condition precedent become invested with a fee simple title to half of the estate, real and personal, devised, until such performance shall result by his proving to the trustee in the time and manner prescribed by the terms of the devise his capacity to manage the property, the fee to it would not vest, nor the trust to which it is subject terminate.

The cases of Page v. Frazer's Exr., 77 Ky. 205, and Muir's Exr. v. Howard, 178 Ky. 51, seem to us to be decisive of the case at bar. In the first of these cases the will declared: ''If my sister Ermine C. Page after the death of her husband, George M. Page, becomes reconciled to my and her brother Thomas and his and her sisters within one year after the death of said George M. Page, my executors are directed to pay over to her one equal sixth part of my estate, but if she is not so reconciled within that period, then that sixth part allowed for

Ermine is to pass to my other sisters, my brother
Thomas H. Frazer and Laura Wheat, to be held and go
in all respects as the portions respectively given them in
this instrument. . . . . It is my intention to dis
pose of my whole estate by this will, whether it consists
of real estate, slaves or personal estate, debts or choses
in action, and I think the words employed are sufficient
to pass it all to my legatees.''

In construing this will the court said of the devise to
Ermine C. Page:

''The devise is upon a condition precedent. In such
a case the devisee claiming the devise must show that
the condition has been performed. Until performance
there is no devise, and if a condition be such that per-
formance cannot be established, because from the nature
of the condition it is impossible to ascertain judicially
that it has been performed, it must fail.''

In Muir's Exor. v. Howard, *supra,* the question aris-
ing on the will for construction is thus briefly yet aptly
stated in a paragraph of the syllabus of the opinion:

''A will, drawn by testator, a learned lawyer, pro-
vided that he gave a particular farm to his son, he to be
charged therewith in the settlement of the estate with
$10,000.00, and, in a subsequent clause, that the landed
estate he gave to such son was to be held in trust by the
executors for the son and family, with power to sell
and convey should it be thought best, but that the son
was not to sell or incumber the land in any way. The
son was addicted to the excessive use of intoxicants.
Held, that the two clauses of the will were not so incon-
sistent that the latter must prevail, and that the son took
the fee in the farm subject only to the spendthrift clause
or trust.''

In elaboration of the court's reasons for arriving at
the above conclusion, it is in the opinion said:

''In order to reconcile the discrepancies between the
two clauses and to give effect to the intention of the tes-
tator, it is permissible for us to consider the circum-
stances under which the will was made. The testator
was a learned and successful lawyer. He wrote the will
with his own hand, knowing the legal significance of
what he wrote. His son, Charles, was addicted to the
excessive use of intoxicating liquors. That the provis-
ions made for him by his father in his will materially
differed from the provisions made for his other children
as to the use of the property devised to them is convinc-

ing evidence of the father's conviction that this son was incapable of managing, and preserving the value of, the property he was giving to him; and the latter clause was made for the evident purpose of protecting Charles W. Muir and those dependent upon him, his wife and children, against his profligacy. That the testator did not intend to limit Charles W. Muir's interest in the land devised to a life estate is, to our minds, satisfactorily proved by the fact that no attempt was made to dispose of the remainder interest in the land. Unless the fee was vested in Charles W. Muir, it was not disposed of at all; and of this portion of his large estate, and of this alone, the testator died intestate, a conclusion repugnant alike to every inference of law and to every expression of the will. . . . Since there was no limitation upon the estate devised to Charles W. Muir and no devise over, it cannot be construed as a life estate simply because the right of alienation was, during the life of Charles W. Muir, placed in trustees, for the very evident and sole purpose of protecting the fee against the improvident and wasteful habits of the devisee, and Chas. Muir took the fee subject only to the spendthrift clause or trust, not destructive of the fee, but designed especially for its protection.''

Manifestly, the rule of law by which in Page v. Frazer's Exr., *supra,* the devise upon a condition precedent was declared noneffective, because of the absence of a judicial determination of the devisee's performance of the condition precedent required to give it effect, is also applicable to prevent or suspend the vesting of the fee devised on a like condition in the instant case, until there shall be a performance of the condition precedent by the devisee. The cases differ, however, in that in this case no judicial determination as to whether the condition precedent has been performed is required as in that case, the power to determine that question being here conferred by the will on the trustee of the estate devised, who, admittedly, has not determined it.

Again adverting to Muir's Exor. v. Howard, *supra* we would say, that if the rule of construction followed in that case was applicable to the question there involved, which was whether the devise in fee simple of lands made by one clause of the will to the testator's dissipated son, could be burdened with a ''spendthrift trust'' created by a subsequent clause, it being, as previously stated, held that the provisions of the latter

clause were not repugnant to those of the first, and both clauses upheld, *a fortiori* is it applicable in the case at bar, where the devise, condition precedent upon the performance of which it is to take effect, and provisions creating the trust under which the property devised is to be held until the condition precedent is performed, all appear in the same single clause of the will.

The already unusual length of this opinion prevents us from considering in detail the line of authorities cited for the appellants, but we think it will be found from an examination of them that in each by the provisions of the will the fee immediately vested, which was held to render the subsequent limitation over void. But under the will before us no fee is vested, or can vest until the condition precedent has been performed. The fee may yet be made to vest by the devisee, George J. Barrett's performance of the condition precedent in the time and manner provided by the terms of the devise, of which the trustee is to be the sole judge. But if the condition is not performed, or until it is performed, the devisee is only entitled to be supplied by the trustee out of the income of the estate devised or if needs be, in case of his sickness and inability to work, out of the principal or corpus of the estate a support for himself and family. In case of the death of the devisee, however, without having performed the condition precedent, the estate by direction of the same clause of the will is to be held by the trustee, under the trust, for the support of his minor children until the youngest becomes of age, and then equally divided among those living.

In determining what time is given George J. Barrett by the 7th clause of the will for performance of the condition precedent that would invest him with the fee in half of the estate thereby devised, and relieve it of the trust imposed by the will, the meaning of the words "within five years from the date of my demise" must be ascertained. These words appear in the 7th clause of the will and in the following connection:

"The said trustee (previously appointed in the same clause of the will) is to hold such principal (corpus of one-half of the entire estate devised) until such time that my son, George Johnston Barrett, has proven *within five years from the date of my demise,* to the satisfaction of herein named trustee that my said son, George Johnston Barrett, is capable of handling his own money."

Obviously the purpose of the words "within five years from the date of my demise" was not to indicate that the trust might be terminated at any time without regard to the lapse of five years. For if such was the purpose the words were useless, as it will be seen by omitting them, reading the remaining language quoted above in connection with them, the trust could have been terminated at any time without regard to the lapse of five years. Evidently, too, it was not the purpose of the phrase to provide for the termination of the trust precisely at the end of the period of five years, but never before and never after, that precise period.

The phrase has and can have but one of two effects depending upon its meaning: (1) Either the trust may be terminated within the period of five years, but never thereafter, or (2) it cannot be terminated within the period of five years, but may thereafter.

The interpretation resulting in the latter effect was adopted by the chancellor and expressed in his judgment, and in this conclusion we concur. The object of the testatrix was, of course, to conserve the property until such time as her son might prove his capacity to have control of it; and, undoubtedly, it was her purpose that he should have it upon proving himself capable. It must be presumed, too, that the testatrix did not contemplate that her son would at once or shortly after her death prove his capacity to manage the estate, but doubtless believed that he could and might do so in a reasonable time, hence she fixed the period of five years as a reasonable time for his reformation, prove his capacity for business and to handle the estate devised him, in the meantime providing for his support out of the income of the devised property, to be supplied by the trustee of the property.

It is not, however, reasonable to suppose that the testatrix intended if the son failed to show his capacity within five years he should never be permitted to show it afterwards; or if shown afterwards, in however large degree, the property should nevertheless be withheld from him by the trustee. Without indulging in further discussion of the matter we think the most reasonable interpretation of the provision of the will under consideration is that it postpones absolutely the vesting of the devised estate for five years after the death of the testatrix, and as much longer as the trustee shall require to satisfy himself of the permanent reformation of the

devisee and his capacity to manage the estate; that the trust cannot be terminated within the five years, which is fixed by the will as a probationary period for the devisee to prove to the satisfaction of the trustee his capacity to manage the devised estate, but may thereafter be terminated at any time upon his proving to the satisfaction of the trustee his capacity to do so. If he should die without performing the condition precedent and before the termination of the trust, the trust will continue for the benefit of his children, if under age, until the youngest becomes twenty-one years of age and the trust estate then divided between them, or the survivors, equally by the trustee. If, however, the father should die before the termination of the trust and after the youngest child becomes twenty-one years of age, the trust would terminate and the trust estate be divided among them equally.

Judgment affirmed.