## Crawford et al. v. Crawford.

May 5, 1942.

Ben D. Smith, and Crawford, Middleton, Milner & Seelbach for appellants.

B. J. Bethurum for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This action was brought under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq., by Willie Crawford, Jr., and Bonnie Mae Crawford, by her statutory guardian, seeking a construction of their paternal grandfather's, M. T. Crawford's will, by the terms of which they were forbidden to participate in the distribution of his estate. They ask that the will be declared to be void for uncertainty and they jointly be declared to be entitled to receive the share to which their father would have been entitled under the laws of descent and distribution, had he been living at the time of their grandfather's decease. The will reads:

"I, M. T. Crawford, of Somerset, Pulaski County, Kentucky, being of sound mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking all wills by me heretofore made.

"1st. I direct that all my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

"2nd. I desire that my beloved wife, Mary A. Crawford, and I be buried side by side, and that my executor shall erect at the head of our graves a monument of appropriate design, at an expense of not less than Five Thousand Dollars.

"3rd. I give and devise to my beloved wife, Mary A. Crawford, during her natural life, or so long as she remains my widow, my home property situated in the city of Somerset, Pulaski County, Kentucky, where I now reside, or if said property should be by me disposed of during my life then, such home as I may be seized of at the time of my death for her use and benefit and to be controlled by her during her natural life or widowhood, as if this devise was in fee simple, together with all household goods and fixtures.

"4th. I make, nominate and appoint J. M. Richardson, President of the First National Bank of Somerset, Kentucky, to be the executor of this my last will and testament, and should he be deceased, I then nominate and select his successor in office. Should either J. M. Richardson, or his successor fail or decline to so act, I hereby select and nominate as my said executor, The First National Bank of Somerset, Kentucky, as such executor, and I request that in such emergency it do not fail to so act.

"5th. I request that my said executor be skillful, and prudent in the conduct and management of my estate; and that such executor give to it their best business efforts, that they have full power to repair, rebuild, construct or reconstruct buildings, at any time as in their judgment necessity demands. I direct said executor to pay over to my said beloved wife, Mary A. Crawford, from time to time such sums of money out of the income of my estate, as is necessary for her proper support and maintenance. In the event of her death or remarriage, I desire and direct that the income of my estate be paid to my children as follows, to-wit: Nellie Florence, Ada May, Mable T., Rosa Maude, Bessie Marie and M. T. Crawford, Jr., in equal parts; and in the event that any of said children die, I desire and direct that their portion be divided equally among these surviving only as set out in this my last will and testament.

"6th. I direct my executor to invest at once after the death of my said wife Five Thousand Dollars in a home for my son, Willie Lee Crawford, to be used, occupied or by him rented, and controlled, by him during his natural life, and at his death I desire that same be sold by my executor and the proceeds divided equally among my surviving children.

"7th. I desire and direct that my executor shall continue to manage and control my estate until the expiration of the period hereinbelow stated. I desire that my estate of every kind and character which I may own and be seized of at the time of my death, subject however to the provisions herein provided kept intact during said period; that the principal be not distributed, and that no real property be sold except that above mentioned, until the expira-

tion of said period. The said period in which my estate is to be held intact and maintained is during the life of my wife and all of my children, and twenty-one years thereafter.

"8th. I desire and direct my executors that, if my daughter Nellie Florence is an unmarried, single woman at the death of my said wife, be immediately paid out of my estate the sum of Five Thousand Dollars, however, if she should marry before the death of my said wife, then she is not to receive anything over and above the amount of her share of the income from my estate as hereinbefore provided in item 5th.

"9th. At the expiration of the period aforesaid, I desire and direct that my estate be wound up and be distributed among by living descendants through my children with the exception however Willie, Jr., the son of Willie Lee Crawford, and Stella Ashurst Crawford, and Bonnie May Crawford, the daughter of Willie Lee Crawford, and Edith Pennington Crawford; and Althea Grey Crawford, the daughter of M. T. Crawford, Jr., and Emma Louis Crawford, is not in any way or anywise to participate in the distribution of my estate, nor shall any of their descendants even partake of, or receive any part or portion of my said estate.

"10th. I desire, and direct that my executor or executors be required to execute a good and sufficient bond for such trust, and to file in the proper court a full and complete inventory of my estate.

"In witness whereof I have hereunto set my hand this the 2nd day of June, 1930.

"M. T. Crawford.

"Signed, sealed and acknowledged by the said M. T. Crawford to be his last will and testament, before us and in our presence, and by us signed as witnesses at his request, in his presence and in the presence of each other, at Somerset, Kentucky, this the 2nd day of June, 1930.

"Joe H. Gibson, Somerset, Kentucky.
"R. C. Sievers, Somerset, Kentucky.
"Thos Catron, Somerset, Kentucky.
"P. G. Kimball, Somerset, Kentucky."

In the construction of wills general authorities are of little help in an endeavor to determine the intention of the testator. The courts must look exclusively to the language of the will itself and determine from such language what the testator intended to say, but, the intention must be gathered from the language used by the testator without the court supplying words of its own to give added sense to the language used. Bowman v. Bowman, 207 Ky. 397, 269 S. W. 289. In other words, the real intention, not a supposed intention, must be determined. If, from the language used in the will, the real intention of the testator cannot be determined, the will will be declared to be void, and the testator's estate must then be distributed in accordance with the laws of descent and distribution. Blankenship v. Blankenship, 276 Ky. 707, 124 S. W. (2d) 1060. But if the intent of the testator can be determined it will be upheld, unless some other disqualifying factor appears. With these precepts in mind, we will consider the complaints in the order of their presentation.

No objection is made to the first or second clauses of the will but it is contended that from the language employed in the third clause it is impossible to determine whether the estate created in the wife is a fee simple or a life estate. We would have little difficulty in determining this question, but, it is unnecessary, since the wife renounced the will, consequently, the will must be considered as if clause 3 were entirely eliminated, and the property therein referred to must be considered as a part of the remaining estate. The fourth clause of the will nominated the executors and no complaint is made of its clarity. Complaint made of the fifth and seventh clauses is that (1) it is impossible to tell whether the testator intended to place his entire estate, or only a portion thereof, in trust; (2) if any determination can be made of his intention in that respect, logic would demand that he intended to place his personal estate in trust and that he desired that his real estate be held intact by those entitled thereto under the laws of descent. We cannot agree with either of these contentions. By the use of the unqualified word "estate" we are of the opinion that testator intended that it should be given its ordinary meaning.

In Thompson on Wills, Section 236, it is said:

"When standing alone in a will without the presence

of any qualifying expression the legal meaning of the word (estate) includes all kinds of property, real, personal and mixed."

In 69 C. J. Section 1388, we read:

"Unless the meaning of the word is limited by the context, estate includes all kinds of property, real, personal and mixed."

Like meaning was given the word by this court in Patton v. Walker's Trustees, 118 S. W. 312 and Barrett v. Percival, 197 Ky. 88, 246 S. W. 143. Other definitions conforming to the ones hereinabove recited may be found in 15 Words and Phrases, Perm. Ed., Estate. It is apparent, therefore, that by the use of the unqualified word "estate" the testator meant both personal and real property.

The whole will indicates clearly that it was the intention of the testator that his executors act as trustees of the estate under the directions set out in the will, although the word "trustee" was not contained in the language of the will. That a trust estate may be created by implication is not a matter of dispute, and we are of the opinion that the wording of the will creates a trust estate as definitely as if the testator had specifically said so. The language employed in the will is not merely the expression of a request to be concurred in by others. In the first sentence of the 7th paragraph the testator specifically directs his executors to manage and control his estate for the term described in the will, and his direction in that respect is not weakened by the failure in the second sentence to use the word "direct." In that sentence he expresses the "desire" that the entire estate be kept intact during the period he directs his executor to manage and control the trust. By using the word "desire" instead of "direct" the testator recognized the possibility that a proper administration of the estate might require the executor in the exercise of a reasonable discretion to dispose of certain properties and convert them into assets of a different character. But he expressed the desire that this be not done, with the inference that it might be done, if necessary in the proper administration of the trust.

Clause six needs no interpretation because Willie Crawford preceded his father in death. No specific complaint is made of clause eight nor do we think it is sub-

ject to criticism. It is a simple bequest of $5,000 to be immediately paid to testator's daughter should she be living and unmarried at the death of her mother. Appellants' objection to clause nine (aside from the fact that it clearly disinherits them) is that it is impossible to tell what was meant by the testator in saying "living descendants through my children." We have encountered no difficulty in determining the intent of the testator as expressed in this clause. It is a simple direction that in the final distribution of his estate the trustees distribute it to his living descendants with the exception of those specifically excepted, viz., appellants herein. The words "through my children" are mere surplusage and neither add nor detract from "living descendants" as used in that clause. We think clause nine to be extremely clear and the intent of the testator to be succinctly expressed. It clearly disinherits the appellants.

To declare this will to be void for uncertainty would be to deprive the testator of his right to dispose of his property in accordance with a fixed purpose of his own which is clearly stated in unequivocal terms. We therefore are of the opinion that the will is not ambiguous nor is it couched in uncertain or vague terms, but on the contrary, it is clearly susceptible of interpretation and construction as hereinbefore set out.

Wherefore the judgment is affirmed.