19014

Richard CAMERON and Maude Cameron, Appellants, v. The CITY OF CHESTER, South Carolina, Respondent.

(172 S. E. (2d) 306)

*Charles W. McTeer, Esq.,* of Chester, *for Appellants,*

*Messrs. Francis G. Holliday, Jr.,* and *Gaston & Gaston,* of Chester, *for Respondent,*

February 6, 1970.

LEWIS, Justice.

This appeal involves the right of the City of Chester, South Carolina, to acquire, by condemnation, property of appellants for use as an off-street parking lot.

The City instituted condemnation proceedings under the provisions of the Off-Street Parking Facilities Act (Section 59-566 *et seq.* of the 1962 Code of Laws) to acquire property of the appellants for use as a part of an off-street parking facility. Appellants then brought this action to enjoin the condemnation of their property upon the grounds that (1) no necessity existed for the exercise of the power of eminent domain by the City and, in doing so, the City was guilty of fraud, bad faith, and abuse of discretion, and (2) the property was not sought for a public purpose. The lower court refused to enjoin the condemnation proceeding, holding that the acquisition of appellants' property for use as an off-street parking area constituted a valid exercise of the power of eminent domain, both as to necessity and purpose, and that appellants had failed to show fraud, bad faith, or abuse of discretion on the part of the City. The exceptions challenge the foregoing findings by the lower court.

Section 59-566 *et seq., supra,* authorizes cities to condemn lands deemed necessary for off-street parking facilities.

The contention of appellants that their property was not sought for a public purpose is without merit. It was undisputed that the acquisition was for an off-street parking fa-

cility to be used by all members of the public, which, as held in *Sammons v. City of Beaufort,* 225 S. C. 490, 83 S. E. (2d) 153, constitutes a public purpose.

The record also fails to sustain appellants' contention that the determination by the City of the necessity for the condemnation was prompted by fraud, bad faith, or abuse of discretion. The Off-Street Parking Facilities Act delegates to the City the power of determining the necessity of exercising the right of eminent domain. The City has determined by appropriate resolution of its council that, due to local traffic conditions, additional space for off-street parking is necessary and that the property of appellants is required to provide such facility.

It is now well settled that the determination by the City of the question of necessity for the condemnation will not be upset by the courts in the absence of a showing of fraud, bad faith, or clear abuse of discretion. The extent of our review of the City's determination of the question of necessity and the burden assumed by a landowner in seeking to enjoin the exercise of the power of eminent domain was concisely stated in *Sease v. City of Spartanburg,* 242 S. C. 520, 131 S. E. (2d) 683, as follows:

"The rule in this State is that the decision of the question of necessity lies with the one to whom the State has delegated the authority to take property for a public use and is not subject to review by the Court in the absence of fraud, bad faith, or clear abuse of discretion. When a landowner brings an action to enjoin a condemnation proceeding the burden is upon him to allege and establish fraud, bad faith, or clear abuse of discretion on the part of the condemnor."

The increase in motor vehicular traffic in recent years has created an acute problem in many of the municipalities of this State. The establishment of off-street parking facilities, as an aid to its solution, was approved by the Legislature in the adoption of the Off-Street Parking Facilities Act.

The City of Chester, in common with other municipalities, has a hazardous traffic condition in its business section.

Based upon reliable studies made in conjunction with the State Highway Department, the City determined that the establishment of the off-street parking area in question would materially contribute toward alleviating the congestion and hazards created from traffic in the business area and that such was the most feasible solution of the problem. A site was accordingly selected for the location of the parking facility where it would be convenient and accessible to the business district. The area includes, in addition to the property of appellants, a lot already owned by the City and one subsequently acquired. Appellants' property is needed to provide a parking area adequate to meet the needs of traffic.

Appellants argue that the present parking facility would not be needed if the City utilized the parking areas presently available. Suggestions were advanced for the widening of the streets in the business section and the installation of parallel parking. In addition, it appears that the City was providing parking lots on leased property and that parking meters had not been installed to control parking in those areas. It is argued that the proper utilization of these lots would render additional parking space unnecessary. These suggestions were rejected by the City for several apparently sound reasons. There was testimony that the widening of the streets in the business section would involve prohibitive costs, and that the steep grades of some streets would make parallel parking unfeasible, necessitating eventually the elimination of on-street parking in some sections. There was a strong showing that the off-street parking areas now provided in the City are inadequate, especially in view of the necessity to eliminate on-street parking in some sections.

We agree with the lower court that the record sustains the conclusions that the establishment of the present off-street parking facility will materially aid in eliminating traffic congestion in the business area of the City and that the condemnation of appellants' property constitutes a valid and proper exercise by the City of the power

of eminent domain. The charges of fraud, bad faith, and abuse of discretion are not sustained by the evidence.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.