20954

Betty K. GOLDBERG, Kerstin Claire, W. M. Hyman, Leonard Karesh, Marilyn Bielsky, Shifra Gershon, Janice L. Karesh, Robert L. Kaiser, Ann K. McLeod, Vincent P. Kaiser, Ursula C. Kaiser, Jane L. Kaiser and Moses Reznick, Individually and on Behalf of All Other Taxpayers of the City of Charleston, South Carolina, Appellants, v. CITY COUNCIL OF the CITY OF CHARLESTON, Respondent.

(254 S. E. (2d) 808)

*A. Arthur Rosenblum,* Charleston, *for appellants.*

*William B. Regan,* and *Sinkler, Gibbs & Simons,* Charleston, *for respondent.*

May 3, 1979.

GREGORY, Justice:

This action was brought pursuant to the Uniform Declaratory Judgments Act, Sections 15-53-10 through 15-53-140, 1976 Code of Laws of South Carolina, to contest the

validity of an ordinance of the City of Charleston pursuant to which the City would issue not exceeding three million ($3,000,000.00) dollars of general obligation bonds, the proceeds of which would be used to acquire land, by condemnation if necessary, and to defray the cost, or a portion of the cost of constructing an off-street parking facility on Meeting Street in the city block bounded by Hasell and Market Streets in downtown Charleston. The lower court found the ordinance was valid. We affirm.

The issue presented by this appeal was before the Court in *Karesh v. City Council of the City of Charleston,* S. C., 247 S. E. (2d) 342 (1978) where we held unconstitutional a joint undertaking of the City of Charleston with a private developer for the construction and operation of the same off-street parking facility that is the subject of this appeal.

Here, the City Council has removed the constitutional impediments enunciated in *Anderson v. Baehr,* 265 S. C. 153, 217 S. E. (2d) 43 (1975) and present in *Karesh.* The City Council has determined that off-street parking facilities are needed on the site to serve the burgeoning Market Street area and the existing King Street area. Land is to be condemned for this purpose and the City intends to construct on the land a municipal off-street parking facility. The facility will be owned and operated by the City. The parking facility will not be controlled as in *Karesh* by a private developer through a leasing arrangement with the City, and the public will possess the enforceable right to use the parking facility. There is no evidence of fraud or bad faith on the part of the City Council.

The constitutional vice of a municipal corporation joining hands with a private developer to undertake a project primarily of benefit to the developer is not present in this project. By retaining exclusive ownership and control over the parking facility the City Council has simultaneously avoided both the joining of hands with a private developer

and the undertaking of a project primarily of benefit to a private developer.

The fact that the business patrons of the private developer, as members of the general public, will also possess the enforceable right to use the parking facility does not defeat the constitutional validity of this project.

We are of the view the City Council has fully complied with the requirements of the Constitution and laws of this State prerequisite to the condemnation of property for use as off-street parking. See *Timmons v. South Carolina Tricentennial Commission*, 254 S. C. 378, 175 S. E. (2d) 805 (1970) ; *Cameron v. City of Chester*, 253 S. C. 574, 172 S. E. (2d) 306 (1970).

Accordingly, the order of the lower court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.