17002

JACK W. GAINEY, Respondent, v. COKER'S PEDIGREED SEED
CO., Appellant

(87 S. E. (2d) 486)

*Messrs. Jno. F. Wilmeth, Robert W. Shand,* and *Philip Wilmeth,* of Hartsville, *for Appellant,*

*Messrs. James P. Mozingo III, Benny R. Greer* and *John L. Nettles,* of Darlington, *for Respondent,*

May 12, 1955.

BAKER, Chief Justice.

The plaintiff-respondent has brought an action against his former employer, Coker's Pedigreed Seed Company, now appellant, for breach of an alleged contract of employment. This appeal comes from an order of the Circuit Court overruling appellant's demurrer to the complaint. The question for determination is whether an employee's forbearance to file and prosecute a claim under the Workmen's Compensation Law is a sufficient consideration for a contract of

employment in lieu of anticipated benefits from the provisions of the compensation law.

The complaint alleges that in the summer of 1947, respondent was permanently injured when he inhaled cotton poison fumes and dust which came from a cotton dusting machine, belonging to appellant, which he was repairing while in the course of his employment; that as a result of these injuries respondent was entitled to compensation for disability and payment of medical claims under the Workmen's Compensation Law, applicable to respondent and appellant, but he was induced by appellant, to forbear his claim through a promise that he would have continuous employment with appellant until he died or reached the age of sixty-five years, whichever occurred first.

The respondent says he fulfilled his part of the agreement and did not file a claim with the South Carolina Industrial Commission, which claim is now barred because more than one year has passed; that on September 1st, 1951, appellant breached the agreement by refusing to pay respondent any money or provide him with any work, and as a result of the injuries he is totally disabled and unable to provide the necessities of life for himself and family, and asks for damages for the wrongful breach of the contract in the sum of $20,000.00.

Appellant's demurrer is that the South Carolina Industrial Commission has exclusive jurisdiction to hear and determine any claims of respondent for compensation on account of the alleged injuries in that the alleged agreement or promise is invalid and unenforceable (1) because there is no valid consideration alleged to support the promise of appellant to provide employment to respondent, and (2) enforcement of the agreement in a court of law would be in violation of the provisions of the South Carolina Workmen's Compensation Law, Code 1952, § 72-1 et seq.

The demurrer was heard before the Honorable J. Woodrow Lewis, Judge of the Fourth Judicial Circuit, who, as

already stated, overruled the demurrer, basing his order upon the conclusion "that the plaintiff is not bringing an action for injuries sustained, but bases his consideration for the contract of employment upon his forbearance to file a claim. There is no question raised as to the principle that forbearance to sue is valid consideration for a contract."

There are two exceptions to this order. First, that the lower Court erred in ruling that no question was raised as to the principle that forbearance to sue is a valid consideration for a contract; and second, in holding that agreement for forbearance of a claim for compensation under Workmen's Compensation Law is valid and enforceable.

The lower Court is in error in holding that appellant's demurrer did not attack the validity of the alleged consideration. The demurrer does not in precise language assert the proposition that forbearance to sue is an invalid or illegal consideration for a contract such as this but the principle is inherent in the fundamental issue as to whether exclusive jurisdiction is vested by the Compensation Law in the Industrial Commission. This, however, does not solve the appellate issue, but is merely preliminary to the pivotal point.

The demurrer admits the truth of allegations of fact which are well pleaded, but does not admit conclusions of law. This demurrer, therefore, does not admit that respondent has been deprived of his right to file his claim, and pursue his remedy, through the Industrial Commission.

If the conduct of appellant prevented respondent from filing his claim within the statutory period of one year, the principle of estoppel could be effective. In *Young v. Sonoco Products Company,* 210 S. C. 146, 41 S. E. (2d) 860, 864, will be found the following applicable statement of the law:

"* * * We have further held that under some circumstances the employer and carrier may be estopped from tak-

ing advantage of the employee's failure to formally file a claim within the one year limitation. *Lowther v. Standard Oil Co. of New Jersey,* 206 S. C. 286, 33 S. E. (2d) 889. In *Meyers v. Lehigh Valley Transp. Co. et al.,* 138 Pa. Super. 569, 10 A. (2d) 879, 880, the Court said: 'The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentionally or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident.' "

We do not rule as a matter of law that respondent at this time may proceed under the Workmen's Compensation Law, but that under the allegations of the complaint the employer may be estopped from invoking the one year limitation as a defense in a proceeding under the Compensation Act.

There are several pertinent sections of the Workmen's Compensation Law contained in the 1952 Code of Laws. Section 72-121 provides:

"The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee * * * as against his employer, at common law or otherwise, on account of such injury, loss of service or death."

Under Section 72-131 an employer cannot relieve himself of any obligation created by the Act, except as otherwise provided, in whole or in part, by contract or agreement, written or implied.

Section 72-132 states, "No agreement by an employee to waive his rights to compensation under this Title shall be valid."

According to the complaint, appellant and respondent were subject to the provisions of the Workmen's Compensation Law. This acceptance, under Section 72-121, *supra,* excludes "all other rights and remedies of such employee * * * as against his employer, at common law or otherwise, on account of such injury, loss of service or death." This section specifically excludes all rights and remedies of an employee, except as provided in the Act, wherein and whereby exclusive jurisdiction is vested in the Industrial Commission. Any doubt thereabout is removed when Sections 72-131 and 72-132, *supra,* are considered in connection with Section 72-121, *supra.* In addition to these sections of the 1952 Code, we have the cases of *Marchbanks v. Duke Power Company,* 190 S. C. 336, 2 S. E. (2d) 825, and *Cummings v. McCoy,* 192 S. C. 469, 7 S. E. (2d) 222, wherein it is held that the remedies and procedure provided by the Workmen's Compensation Law are exclusive for cases coming within its terms.

In 58 Am. Jur., Workmen's Compensation, Section 48, it is also stated "as a general rule that, aside from the exceptions created in a workmen's compensation law itself, its operation is exclusive of all other remedy and liability with respect to both the employer and employee, as between themselves, in regard to all injuries compensable thereunder."

A contract for permanent employment, or for a duration of years, which is not supported by any consideration other than the obligation of service to be performed on the one hand and wages to be paid on the other, is terminable at the pleasure of either party and not enforceable. However, when an independent consideration passes from the employee, in addition to the performance of services, the duration of the contract may be optional on his part without impairing its mutuality. *Shealy v. Fowler,* 182 S. C. 81, 188 S. E. 499; *Weber v. Perry,* 201 S. C. 8, 21 S. E. (2d) 193; *Orsini v. Trojan Steel Corporation,* 219 S. C. 272, 64 S. E. (2d) 878.

The independent consideration relied upon in this case is the forbearance to pursue the provided remedy under the Workmen's Compensation Law. This right, however, is not available to respondent and therefore cannot be made the consideration for this alleged contract. The contract is not enforceable since neither the employer nor employee had the right to enter into an agreement which evaded or avoided the terms and conditions of the Compensation Act.

The order of the Circuit Court is reversed and the complaint dismissed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.