17751

Mike COSTAS, Respondent, v. FLORENCE PRINTING COMPANY, Inc., Appellant

(118 S. E. (2d) 696)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Yarborough & Parrott,* of Florence, *for Respondent,*

March 6, 1961.

Moss, Justice.

Mike Costas, the respondent herein, brought this action against Florence Printing Company, Inc., the appellant herein, the publisher of the "Florence Morning News", a daily newspaper, seeking the recovery of actual and punitive damages by reason of its publication on August 18, 1959, of an alleged libelous article concerning him.

The appellant made a motion to make more definite and certain parts of the said complaint and to strike other portions thereof. When the motion came on to be heard before the Honorable William T. McGowan, Jr., Judge of "The Civil Court of Florence", the respondent agreed to amend his complaint, and such amended complaint was served on September 9, 1960. The appellant demurred to the amended complaint, and, reserving his rights under the demurrer, made a motion to require the respondent to make his complaint more definite and certain and to strike portions of such amended complaint. The Trial Judge heard the demurrer and the motion, it being stipulated that the appellant would reserve its rights to appeal should the Court dismiss the demurrer. The Court, by its order dated October 8, 1960, overruled the demurrer. Notice of intention to appeal from such order was duly served. Thereafter, the respondent served "Amended Complaint Number Two". The appellant demurred to this complaint. While the demurrer and appeal from the order of October 8, 1960 was pending, the respondent moved to amend further the complaint by alleging special damages. This motion was granted by the Trial Judge on December 1, 1960, and "Amended Complaint Number Three" was served. Timely appeal from this last order was duly given.

The complaint alleges that the appellant is engaged in the printing and publishing of the "Florence Morning News", a daily newspaper with wide circulation in eastern South Carolina. It is also alleged that the respondent is engaged in business as a merchant, being the owner and operator of the Airport Drive-In, located just east of the City of Florence, South Carolina, and that he was of good name, fame and credit. It is further alleged that on August 18, 1959, an article appeared in said newspaper entitled "Youths Fined for Fighting", which said article gave a purported account of the proceedings in a Magistrate's Court on August 17, 1959, and there was maliciously published of and concerning the respondent and his business the following words, which were false and defamatory:

"This was the second fight within a week at the drive-in. On August 10, Jimmy Harper, 17, and Laverne Powell, 18, of Florence, were charged with disorderly conduct.

"Harper and Powell, along with two other Florence youths have been charged with the armed robbery of a gas station in Moncks Corner Friday night."

The complaint also asserts that the respondent, over a period of years, has established a reputable business, one that is acceptable by parents for their children to visit; that he does not allow boisterous conduct or misconduct at his place, nor does he sell beer, tolerate profanity or permit any act or conduct which would be detrimental to the morals of the youth of the area. It is further alleged that on April 3, 1957, that the appellant published another false article in its newspaper concerning misconduct of patrons at respondent's place of business. The respondent asserts that after the publication of the previous article that he conferred with the editor of said newspaper and warned him not to again publish untrue articles relative to respondent's place of business, and, in spite of such warning, the above mentioned article was willfully, intentionally and maliciously published, with the intention to damage the respondent and his business, and

that the publication of the aforesaid article has damaged and injured the respondent.

The appellant demurred to the amended complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action in that the alleged libelous words are not actionable *per se* and the complaint contains no allegation of special damages, and no allegation of the way in which any special damages resulted from the publication. As is heretofore stated, the Trial Judge overruled the demurrer, stating:

"It is my opinion that the language is susceptible of a charge that plaintiff was operating a place of business where disorderly conduct occurred frequently among teenagers and other young people. The complaint charges that such imputation is false and that the publication was willfully and maliciously made. Therefore, it is my opinion that the complaint does state a cause of action and that it will be for the jury to determine whether or not the words used are libelous *per se.*"

The Trial Judge struck from the complaint the allegations thereof that the appellant had previously published a false article in its newspaper concerning the misconduct of patrons at respondent's place of business, and that the respondent had advised the editor of the falsity thereof and warned against the publication of any future untrue articles. He held, however, which seems somewhat inconsistent, that the appellant was entitled to have the amended complaint made more definite and certain by stating wherein the previous article published on April 3, 1957 was false and untrue.

The first question for determination is whether the publication complained of is libelous *per se*. It is the position of the appellant that the publication is not libelous *per se,* and since there is no allegation of any special damage, the demurrer should have been sustained.

It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof

that are properly pleaded are for the purpose of such consideration deemed admitted. However, a demurrer does not admit the inferences drawn by the plaintiff from such facts and it is for the Court to determine whether or not such inferences are justified; that is, to determine if the language used in the publication can fairly or reasonably be construed to have the meaning attributed to it by the plaintiff. *Drakeford v. Dixie Home Stores,* 233 S. C. 519, 105 S. E. (2d) 711.

In the case of *Flowers v. Price,* 192 S. C. 373, 6 S. E. (2d) 750, this Court held that a demurrer is the proper procedure to test the actionable character of the charge and it will only be sustained where the Court can affirmatively say that the publication is incapable of any reasonable construction which will render the words defamatory; and to the extent that the demurrer tests the actionable quality of the words it is an admission of the allegations of the complaint.

In the case of *Jackson v. Record Publishing Co.,* 175 S. C. 211, 178 S. E. 833, 835, this Court said:

"When the language alleged to be libelous, or slanderous, is plain and unambiguous, and admits of but one reasonable construction, it becomes a matter of law for the action and determination of the court. If said language be ambiguous, or doubtful of meaning, it should be left to the jury to determine in what sense it was used, and what its meaning is.

\* \* \*

" 'The inference of hurt arising out of facts in order to become actionable must be such an inference as is established by the general consent of men, and the inference must be judged of by the Court in the first instance.' 17 R. C. L., 264; *McGregor v. State Co.,* 114 S. C. 48, 53, 103 S. E. 84."

In the case of *Whitaker v. Sherbrook Distributing Co.,* 189 S. E. 243, 200 S. E. 848, 849, this Court said:

"In order to render words libelous *per se,* their injurious character must appear upon their face. The nature of the language used must be such that the Court can legally pre-

sume without proof that the plaintiff has been damaged as a natural, necessary, and proximate consequence from the use of the words employed in the publication. The words must be of such a character that a presumption of law will arise therefrom that the plaintiff has been degraded in the estimation of his friends or of the public, or has suffered some other loss either in his property, character, reputation or business or in his domestic or social relations. *McClain v. Reliance Life Insurance Co.*, 150 S. C. 459, 148 S. E. 478; *Duncan v. Record Pub. Co.*, 145 S. C. 196, 143 S. E. 31.

"Therefore, the real practical test, by which to determine whether special damage must be alleged and proven in order to make out a cause of action for libel, is whether the language is such as necessarily must, or naturally and presumably would, occasion the damages in question."

If the alleged defamatory words are not actionable on their face, but derive their defamatory import from extrinsic facts and circumstances, such extrinsic facts and circumstances must be set forth and connected with the words charged by proper averment. *Hubbard v. Furman University*, 76 S. C. 510, 57 S. E. 478. In the case of *Spigener v. Provident Life & Accident Ins. Co.*, 148 S. C. 249, 146 S. E. 8, it was held that a demurrer to a complaint should be sustained where the words alleged were not libelous *per se* and there was no allegation of special damage or extrinsic facts and circumstances which would make the words libelous. In the case of *Prickett v. Western U. Tel. Co.*, 134 S. C. 276, 132 S. E. 587, 588, quoted with approval in the *Spigener case,* it appears that a demurrer to the complaint was sustained because the words published were not libelous *per se.* The Court said "If they are not, it is clear that no special damages are alleged, and no extrinsic circumstances are alleged which would render libelous *per se* words which otherwise are not, and the complaint is therefore demurrable."

In the case of *McGregor v. State Co.*, 114 S. C. 48, 103 S. E. 84, 85, a druggist brought action for an alleged libel-

ous publication. The State Company demurred to the complaint and such was sustained. In affirming the judgment of the lower Court, it was said:

"To constitute actionable libel: (1) The writing must have been inspired by malice; (2) it must have tended to impeach the reputation of McGregor; and (3) thereby to injure his business. All the authorities so agree, and it ought not to be necessary to cite them.

"The complaint alleges malice. The further allegation of the complaint is that the publication was 'libelous'; but so much is the statement of a legal conclusion, and not of a fact. However, the publication may have been false and malicious, and yet not actionable. Nott, J., in *Mayrant v. Richardson,* 1 Nott & McC. [347], 351. It is true the complaint alleges that the publication tended to impeach the reputation of the plaintiff and to injure his business, but that bald allegation does not make the publication actionable, else a confessedly harmless act may be converted into a harmful act by a mere allegation.

"The inference of hurt arising out of a statement of facts in order to become actionable, must be such an inference as is established by the general consent of men, and the inference must be judged of by the Court in the first instance. Odger on Libel and Slander, p. 25; 17 R. C. L. 264."

In the instant action, the amended complaint, to which the demurrer was interposed, charged that the appellant "maliciously intending to injure plaintiff in his business, and * * * with the intention to damage plaintiff and his business," composed, edited and published the article above quoted.

We have examined the alleged libelous article set forth in the complaint herein and it contains no statement from which it could be reasonably implied that the respondent had any connection with the arrest made at his place of business, nor does it impute to him or any of his employees any wrongdoing or condonation of wrongful conduct. Certainly, the words complained of do not charge the

respondent with any crime, nor with the operation of a disorderly place of business. The allegations of the complaint fall far short of implying or alleging that the published article charged the respondent with any misconduct, by reason of the fact that there had been two fights at his place of business. The published article does charge that those who participated in the fight were guilty of disorderly conduct. The article, as published, was not libelous *per se*. It is true that the complaint alleges that the publication intended to injure the plaintiff and his business, but such allegation does not make the publication actionable. We know of no precedent, and none has been cited to us, which makes the publication of the fact that a fight took place between parties at the place of business of a merchant libelous *per se* as to him. The allegation of the complaint that the publication was libelous and that it injured the respondent and his business is the statement of a legal conclusion and not of a fact.

Since we have now held that the publication was not libelous *per se,* the complaint must be examined to determine whether there is any allegation of special damage or extrinsic facts and circumstances which would make the published article libelous. We think not. We point out that there is no allegation that the respondent lost any customers, or had any diminution in trade. There is no allegation of special damages for losses sustained by reason of the publication of the alleged libelous statement. In short, the complaint does not allege special damages.

It is our conclusion, under the principles stated in the foregoing cases, that the article published by the appellant was not libelous *per se,* and there being no allegations in the complaint of special damages, and no extrinsic circumstances alleged, which makes the words libelous, no cause of action was stated by the respondent against the appellant in the complaint. The demurrer should have been sustained.

The record shows that the appellant duly filed notice of intention to appeal to this Court from the order of the Trial

Judge overruling the demurrer to the amended complaint. While the appeal to this Court was pending, the respondent moved to further amend his complaint by alleging special damages, and such motion was granted by the Trial Judge by his order dated December 1, 1960. The appellant asserts that the notice of appeal to this Court from the order dismissing the demurrer to the amended complaint stayed all proceedings in the lower Court until we had heard and disposed of such appeal.

An interlocutory appeal may be taken to this Court from an order overruling a demurrer to a complaint on the ground that it failed to state a cause of action. *Woods v. Rock Hill Fertilizer Co.,* 102 S. C. 442, 86 S. E. 817; *Crotts v. Fletcher Motor Co. et al.,* 219 S. C. 204, 64 S. E. (2d) 540; *Mullis et al. v. Celanese Corp of America,* 234 S. C. 380, 108 S. E. (2d) 547.

Section 7-422 of the 1952 Code of Laws, provides:

"* * * that an appeal from a judgment or decree overruling a demurrer shall stay the further hearing of the cause unless the presiding judge shall be satisfied that the ends of justice will be subserved by proceeding with the trial and shall order the trial of the cause to proceed to judgment *and provided, further,* that nothing contained in the preceding proviso shall be construed to prevent a review upon appeal from the final order or judgment in the cause of any judgment or decree on demurrer."

In the case of *Hammond v. Port Royal & Augusta Ry. Co.,* 15 S. C. 10, the defendant interposed a demurrer to the second of the two causes of action set forth in the complaint. The Trial Judge overruled the demurrer, and the defendant at once gave notice of intention to appeal, and moved the Court to proceed no further with the trial of the second cause of action. The motion was refused and the case ordered to trial. The Supreme Court held that the notice of appeal from the order overruling the demurrer to the second cause of action suspended the proceeding as to that cause of action until the appeal was decided.

In the case of *Elliott v. Pollitzer,* 24 S. C. 81, the defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The Trial Judge overruled the demurrer and the defendant at once gave notice of intention to appeal to the Supreme Court, and requested that the case be continued until the appeal could be heard. The Court refused the request and submitted the case to the jury. This Court decided that the notice of appeal from the order overruling the demurrer to the complaint operated as a *supersedeas,* and stayed the further hearing of the cause on circuit until a decision was made on the appeal.

After the decision in the two above cited cases and similar cases, the General Assembly amended what is now Section 7-422 of the 1952 Code of Laws by adding the proviso above quoted, and by the terms thereof an appeal from a judgment overruling a demurrer stays the further hearing of the cause unless the Presiding Judge shall be satisfied that the ends of justice will be subserved by proceeding with the trial, and shall order the trial of the cause to proceed to judgment. An examination of the order of the Trial Judge overruling the demurrer to the amended complaint does not show that he found that the ends of justice would be subserved by proceeding with the trial; nor did he order the trial of the cause to proceed to judgment. Hence, the appeal stayed any further hearing in the cause. It was error, therefore, for the Trial Judge to take any further steps in the action during the continuance of the stay. *Steele v. Atlantic C. L. Ry. Co.,* 96 S. C. 460, 81 S. E. 144; *Melton v. Walker et al.,* 209 S. C. 330, 40 S. E. (2d) 161.

The Trial Judge was, therefore, in error in granting the order of December 1, 1960, because the appeal to this Court from the order overruling the demurrer to the amended complaint was pending, which acted as a stay to further proceedings in the case.

In view of the conclusions that we have reached, it becomes unnecessary to consider the other questions asserted by the appellant.

The judgment appealed from is reversed and the lower Court is directed to sustain the demurrer interposed by the appellant to the amended complaint.

Reversed.

TAYLOR, Acting Chief Justice, OXNER and LEGGE, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.