18088

Eunice C. SEASE, Appellant, v. CITY OF SPARTANBURG,
Respondent

(131 S. E. (2d) .683)

*Messrs. E. W. Johnson* and *Sam R. Watt,* of Spartanburg, *for Appellant,*

*T. E. Walsh, Esq.,* of Spartanburg, *for Respondent,*

July 2, 1963.

Moss, Justice.

Mrs. Eunice C. Sease, the appellant herein, instituted this action and asked for a temporary injunction against the City of Spartanburg, the respondent herein, restraining it *pendente lite* from proceeding in condemnation against her property and after a hearing on the merits that said injunction be made permanent. The appellant, by her complaint, challenges the right of the respondent to proceed in condemnation against her property. The Honorable Frank Eppes, the presiding Judge, issued a rule to show cause and a temporary restraining order. The respondent demurred to the complaint and such was heard before the Honorable G. Badger Baker, the then presiding Judge, who, by his order dated February 16, 1963, sustained the demurrer of the respondent and dismissed the complaint on the ground that it failed to state a cause of action and, thereby, terminated the temporary restraining order. This Court, upon proper application therefor, on March 15, 1963, issued an order superseding and staying the condemnation proceeding until this appeal could be heard on its merits. The present appeal is from the order sustaining the demurrer to the complaint.

A summary of the pleadings in the case will be helpful to an understanding of the issue to be decided. The appellant is the owner of a parcel or tract of land lying generally in the apex of North Pine and St. Johns Streets in the City of Spartanburg. This property is afforded access from St. John Street by means of Jolley Alley and is afforded access from both North Pine and St. John Streets by means of Jolley and Crawford Streets. The City of Spartanburg, a municipal corporation, proposes to acquire from the appellant, by condemnation, certain lots upon which houses are located, as a right of way for the construction of a street parallel and adjacent to North Pine Street. The appellant alleged that the effect of the condemnation by the respondent would be to completely deprive her and her property from ingress and egress to North Pine Street because such proposed new

street would be constructed between her remaining property and North Pine Street. It is further alleged that the appellant and her property would be deprived of access to Pine Street not only with an intervening street between them but, in addition, her remaining property would be accessible only to St. John Street by means of Jolley Alley, Jolley and Crawford Streets, and these three would form a *cul-de-sac*. It is then alleged that the proposal of the respondent is fantastic, unreasonable, unnecessary, uncalled for and unwarranted, and that the condemnation of appellant's property would be a great detriment to her and would serve no useful purpose to the respondent. The complaint also alleges that if the respondent is not restrained and enjoined from condemning her property that she will suffer irreparable injury because she has no adequate remedy at law.

The respondent filed a demurrer to the complaint on the ground that the same fails to state facts sufficient to constitute a cause of action in that it appears upon the face of the complaint that the only action complained of by the appellant is the exercise of the power of eminent domain which is a right vested in the respondent and may be exercised from time to time for proper purposes in accordance with the laws of this State; and that the appellant has a legal remedy for any injury or damage to her property resulting from the exercise of the power of eminent domain by the respondent.

It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded are for the purpose of such consideration deemed admitted. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts. *Costas v. Florence Printing Co.*, 237 S. C. 655, 118 S. E. (2d) 696. A demurrer to a complaint does not admit conclusions of law pleaded therein. *Gainey v. Coker's Pedigreed Seed Co.*, 227 S. C. 200, 87 S. E. (2d) 486.

The State may delegate to its agencies, and to municipal corporations, the right to exercise its power of eminent domain, and may by statute prescribe the manner in which, at the instance of such condemnor, the "just compensation" of the condemnee as is provided for in Art. I, Sec. 17, of the 1895 Constitution of this State, for the taking of private property for public use, is to be ascertained. *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639.

A municipal corporation is given the power of condemnation by statute, 47-68.1 of the Code; and the respondent herein, acting through its city council, has the right, pursuant to Section 47-1327 of the Code, to "lay out and open new streets in the city and close up, widen or otherwise alter streets in such city whenever, in its judgment, it may be necessary for the improvement or convenience of the city. But it shall first pay damages, should any be claimed, to any landowner through whose premises such streets may run, such damages to be fixed and determined as provided in §§ 25-161 to 25-170" of the Code. The foregoing sections implement Art. I, Sec. 17, of the Constitution, by providing a method of ascertaining the amount of just compensation to which the landowner is entitled by reason of the taking of his property for a public purpose by a municipal corporation.

The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which make property valuable, including of course the right of user and the right of enjoyment. Property in a thing consists not merely in its ownership and possession but in the unrestricted right of use, enjoyment and disposal. *Gasque v. Town of Conway, et al.,* 194 S. C. 15, 8 S. E. (2d) 871. The protection of Art. I, Sec. 17, of the Constitution, extends to all cases in which any of the essential elements of ownership has been destroyed or impaired as the result of the construction or maintenance

of a public street. *Moss .v. South Carolina State Highway Department,* 223 S. C. 282, 75 S. E. (2d) 462, and *Early et al. v. South Carolina Public Service Authority,* 228 S. C. 392, 90 S. E. (2d) 472.

It is well settled in this State that when the right to institute condemnation proceedings is contested the proper remedy is for the landowner to bring an action in the Court of Common Pleas in order that the Court may, in the exercise of its chancery powers, determine such right. *Seabrook v. Carolina Power & Light Co., et al.,* 159 S. C. 1, 156 S. E. 1. *Greenwood County v. Watkins,* 196 S. C. 51, 12 S. E. (2d) 545.

In the case of *Bookhart, et al. v. Central Electric Power Coop., Inc.,* 222 S. C. 289, 72 S. E. (2d) 576, this Court quoted with approval from 29 C. J. S. Eminent Domain § 89, page 882, the following:

"The legislature may delegate the power of determining the necessity of exercising the power of eminent domain to public officers or boards or to private corporations vested with the power of eminent domain, and in the absence of any statutory provision submitting the matter to a court or jury the decision of the question of necessity lies with the body of individuals to whom the state has delegated the authority to take. Generally, a determination by the grantee of the power is conclusive and is not subject to judicial review, in the absence of fraud, bad faith, or clear abuse of discretion."

The rule in this State is that the decision of the question of necessity lies with the one to whom the State has delegated the authority to take property for a public use and is not subject to review by the Court in the absence of fraud, bad faith, or clear abuse of discretion. When a landowner brings an action to enjoin a condemnation proceeding the burden is upon him to allege and establish fraud, bad faith, or clear abuse of discretion on the part of the condemnor. *Atkinson v. Carolina Power & Light Co.,* 239 S. C. 150, 121 S. E. (2d) 743. It follows that if the landowner fails to allege facts in the complaint

constituting fraud, bad faith or clear abuse of discretion on the part of the condemnor, such complaint does not state a cause of action.

The complaint alleges that the respondent proposes to acquire certain property of the appellant and the effect of the condemnation would be to deprive appellant and her property from ingress and egress to North Pine Street and that the proposed new street would be located upon the condemned property between the appellant's remaining property and North Pine Street with access to the remaining property only to St. John Street by means of Jolley Alley, Jolley Street and Crawford Street. These allegations show that appellant's property has not been isolated but her avenues of ingress and egress are to be changed, with nonaccess to North Pine Street.

The right of the abutting property owner to access over a street adjacent to his property as an appurtenance thereto, and to have such access protected from material obstruction, has been recognized by many of the Courts, including our own. It has been held that an obstruction which materially injures or deprives the abutting property owner of ingress and egress to and from his property is a "taking" of his property, for which recovery may be had. The fact that other means of access to the property are available affects merely the amount of damages, and not the right of recovery. *City of Rock Hill v. Cothran,* 209 S. C. 357, 40 S. E. (2d) 239; *Brown, et al. v. Hendricks,* 211 S. C. 395, 45 S. E. (2d) 603.

In the *Cothran case, supra,* this Court held that a right of a landowner to recover damages because of the vacation of a street depends upon the location of land with reference to street vacated and effect of such vacation on his rights as an abutting property owner. The test of whether a landowner is entitled to recover damages for the vacation of a street is the existence of special injury amounting to a taking, not whether property abuts streeet vacated. It was further held that where owner's lots fronting on certain street were availiable for business purposes and action of

city council in vacating a part of street turned that part of street abutting lots into a *cul-de-sac* so that lots were no longer available for such purpose, owner suffered "special injury" amounting to a "taking" for which he was entitled to compensation, and access to his property by another street was merely an element to be considered in awarding damages.

The basic allegation of the complaint is, as we construe it, that the respondent is taking certain property from the appellant as a right of way for a street and because of the manner of construction of said street ingress and egress to the remainder of said property will be denied. The deprivation of ingress and egress constitutes "special injury" and entitles the appellant to special damages resulting to the remainder of her land and by reason of such taking. The legislature has, in the enactment of Sections 25-161 to 25-170 of the 1962 Code of Laws, implemented Art. I, Sec. 17, of the Constitution, thereby providing an adequate remedy at law for ascertaining the amount of just compensation to which the appellant is entitled by reason of the taking of her property for a proposed street and for any special injury resulting to the remainder of her property by reason of such taking. The special damages above referred to include all injuries which cause a diminution in the value of the remaining property.

The allegations in the complaint that the proposal of the respondent is fantastic, unreasonable, unnecessary, uncalled for and unwarranted are merely conclusions which are not admitted by the demurrer and, at most, merely characterize the facts set forth in the complaint which are insufficient to allege fraud, bad faith, or clear abuse of discretion on the part of the respondent.

We conclude that the Circuit Judge properly sustained the demurrer of the respondent to the complaint of the appellant.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.