## 19958

T. B. GRENEKER, Respondent, v. Ida Mae SPROUSE, Appellant

(211 S. E. (2d) 879)

*Messrs. Garvin, Grant, Fox, Nuessle, Zier & Burkhalter,* of North Augusta, *for Appellant,*

*W. H. Nicholson, Jr., Esq.,* of Greenwood, *for Respondent,*

*Messrs. Garvin, Grant, Fox, Nuessle, Zier & Burkhalter,* of North Augusta, *for Respondent,* in Reply.

February 10, 1975.

NESS, Justice:

This is an action for relief by way of declaratory judgment; the defendant-appellant appeals from an order of the circuit court overruling a demurrer to the complaint on the grounds "that on its face it fails to set forth facts sufficient to constitute a cause of action upon which relief may be granted."

We quote the following from the statement in the transcript of the record: "This action purports to be premised in contract with the Plaintiff asking to have his rights under the alleged contract with Defendant declared by the Court. Plaintiff also asks that he have judgment for a sum allegedly due by Defendant under said contract due to the

sale of certain real property as of the time of the filing of the Complaint."

The complaint alleges that on November 22, 1971, the parties entered into the following contract: "I hereby retain you as my attorney and authorize you or your associate to appear for me in all matters relative to the estate of my father M. A. Mims, and agree to pay you ten per cent of any and all funds which I may receive from the estate."

It is also alleged generally that lands within the scope of the contract were sold, and that one week prior to the sale the defendant, without justification or excuse, terminated the employment contract; and further, that based on the contract the plaintiff was entitled to a Three Hundred ($300.00) Dollar fee.

The trial judge overruled the demurrer without comment. We held in *The Bank of Augusta v. Satcher Motor Company, Inc.*, 249 S. C. 53, 57, 152 S. E. (2d) 676, 678 (1967), that

"The complaint is not subject to demurrer for failure to state a cause of action for declaratory judgment if the facts alleged show the existence of a justiciable controversy between the parties."

Moreover, in *Hardwick v. Liberty Mutual Insurance Company*, 243 S. C. 162, 167, 133 S. E. (2d) 71 (1963) we adopted the statement contained in the case of *Cabell v. City of Cottage Grove*, 170 Or. 256, 130 P. (2d) 1013, 144 A. L. R. 286:

"The test of sufficiency of such a complaint is not whether it shows that the plaintiff is entitled to a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Even though the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled by

the court under the Declaratory Judgment Law, he has stated a cause of suit."

Appellant contends that the factual allegation in the complaint does not state an actual controversy. We have held that, "it is elementary that in passing upon a demurrer, the Court is limited to, a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded are for the purpose of such consideration deemed admitted. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts." *Sease v. City of Spartanburg*, 242 S. C. 520, 523, 131 S. E. (2d) 683, 685 (1963); *Costas v. Florence Printing Company, Inc.*, 237 S. C. 655, 118 S. E. (2d) 696 (1961). But, a "demurrer admits the truth of allegations of fact * * *, but does not admit conclusions of law." *Gainey v. Coker's Pedigreed Seed Company*, 227 S. C. 200, 203, 87 S. E. (2d) 486, 488 (1955).

Appellant contends that real property is not a part of a man's "estate" because title must vest at the instance of death, and therefore as the contract embraces only "matters relative to the estate" she reasons that her demurrer was proper. If this contention is valid, the sale of land would be beyond the scope of the express contract relied upon by the plaintiff. It is true there can be no gap in seisin; however, that is not dispositive of whether real property is included in a man's estate. This Court has held that an estate includes "the entire amount or body of one's valuable belongings and composing the entire corpus of the property owned by him." *Cannon v. Ballenger*, 222 S. C. 39, 45, 71 S. E. (2d) 513, 515 (1952). Ordinarily an estate embraces the entire property (both real and personal) of a decedent. Thompson, Real Property, Vol. 4, § 1848, p. 364 (1957); *Lesane v. Chandler*, 175 S. E. (2d) 351 (N. C. 1970); *Wachovia Bank & Trust Company v. Wolfe*, 243 N. C. 469, 91 S. E. (2d) 246 (1956); *Kirwin v. McIntosh*, 153 Kan. 395, 110 P. (2d) 735 (1941); 31

C. J. S., Estates, § 1, p. 8; *Crawford v. Crawford,* 290 Ky. 542, 162 S. W. (2d) 4, 7; *Ellet v. McCord,* 41 S. W. (2d) 110, 112 (Tex. Civ. App.); *Haskins v. McCampbell,* 189 Tenn. 482, 226 S. W. (2d) 88, 91; *In re McDonald's Will,* 30 Misc. (2d) 889, 219 N. Y. S. (2d) 651, 656. Various other meanings have been attached to the word "estate". Much depends upon the context in which it is used. The word should be construed in a sense which accomplishes the purpose of the instrument in which it is employed. *Cannon, supra.* We are unable to say that respondent is not entitled to any relief. Accordingly, based upon the principles previously discussed governing the propriety of a demurrer, the ruling of the trial judge is affirmed.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.