## 20451

RED OAK LANDS, INC., Appellant, v. Joe S. LANE, Sr., Tax Collector for Marion County, Said State, and Hartford Accident & Indemnity Company, his Surety, Respondents.

(235 S. E. (2d) 718)

*Edward V. Atkinson, Esq.,* of Sumter, *for Appellant.*

*William H. Seals, Esq.,* of Marion, *for Respondent, Joe S. Lane, Sr.,*

June 9, 1977.

RHODES, Justice:

The plaintiff-appellant in this action, Red Oak Lands, Inc. (Red Oak), has appealed from an order of the circuit court which sustained the defendants' demurrer to the complaint on the ground that it failed to state facts sufficient to con-

stitute a cause of action. A further exception taken by Red Oak in this appeal is that the lower court erred in refusing to grant it the right to replead. We affirm the judgment of the circuit court.

On Sales Day in June of 1971, Red Oak purchased at public sale on execution for taxes a lot of land in Britton's Neck Township, Marion County, for the sum of $113.00. The defendant-respondent, Joe S. Lane, Sr., executed his official deed therefor as Tax Collector for Marion County. No warranty of title is given on such official deeds, and none was given in this instance.

The complaint to which Lane and his surety demurred alleged that title was divested from Red Oak by judgment of the Court of Common Pleas of Marion County in an action entitled *"David Alford v. Red Oak Lands, Inc."*. The defendants asserted by their demurrer that Red Oak was attempting to incorporate by quotations and by reference in its complaint the record in that action. The defendants in the instant case were not parties to that action. The complaint further alleged that the lot and house situated thereon were worth the sum of $10,000, and it prayed for damages against Lane and his surety in that amount.

## QUESTION I

Does Red Oak's complaint state facts sufficient to constitute a cause of action?

After setting forth in the complaint a synopsis of the case of *"David Alford v. Red Oak Lands"*, including a portion of the judge's charge, the plaintiff then alleged that the jury found in favor of David Alford, resulting in the setting aside of Red Oak's tax title. Red Oak further alleges that there has been no appeal from the verdict in the Alford action and that "the findings of the jury are conclusive". As the lower court in the case before us noted, the complaint contains no independent allegations of any acts or omissions by the Tax Collector, Lane, in the performance

of his official duties, but only the conclusion that he must be liable in damages because Red Oak suffered an adverse judgment in another action.

Even assuming that the jury in the former action did find that Lane improperly performed his duties in the process of levy, seizure and sale in 1971 of the land in question, that judgment is not binding on these defendants who were in no manner parties or privies to the prior action. *Mackey v. Frazier,* 234 S. C. 81, 106 S. E. (2d) 895 (1959). Thus, the appellant erroneously draws the legal conclusion that the defendants are liable in this action by reason of the judgment entered in the former action. Such legal conclusions are not well-pleaded and are not facts sufficient to constitute a cause of action. A demurrer admits the facts well-pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts. In short, a demurrer to a complaint does not admit conclusions of law pleaded therein. *Sease v. City of Spartanburg,* 242 S. C. 520, 131 S. E. (2d) 683 (1963). We hold that the circuit court did not err in sustaining the demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

## QUESTION II

Was the lower court in error in failing to grant Red Oak the right to replead after sustaining the demurrer to its complaint?

The basis for the lower court's refusal to allow Red Oak to replead was its conclusion that S. C. Code §§ 65-2782 through 65-2785 (1962) are applicable to the present action and that the action was not brought within the time limitation provided in Section 65-2785. Under these statutes, the purchaser at a tax sale who is thereafter divested of possession of the real property by reason of a defective title may have a lien for the amount paid by him at the sale or may recover that amount directly from the taxing authority in some cases. However, the action must be brought within two years of the date of the sale.

From the facts in this case it is undisputed that Red Oak's action was not instituted within two years of the tax sale. Thus, the question is narrowed to whether Red Oak's right of action is limited solely to the statutory remedy granted it by the above-cited Code sections or whether it additionally has a common-law action against the tax collector and his surety for misfeasance related to the levy, seizure and sale. It appears that this Court has never passed on the precise issue here presented, but cases from other jurisdictions provide considerable insight and guidance. The general precepts drawn from these cases are contained in 72 Am. Jur. (2d), State and Local Taxation, § 1036 *et seq.*, from which the following statements are taken:

"In many jurisdictions, statutes have been enacted to relieve purchasers of delinquent tax certificates and purchasers of land at tax sales from the hardship of the common-law rule which denies such a purchaser the right to recover from the county or other taxing authority what he has paid when the sale proves invalid, by providing the means whereby he may have reimbursement for the amount paid out. These provisions vary greatly, but the remedy is wholly statutory. Recovery cannot be had under such statutes unless the purchaser can bring himself clearly within their terms and provisions. . . ." *Id.*, § 1039.

.  .  .  .  .

"Generally, by reason of the application of the doctrine of *caveat emptor* to tax sales, there is, in the absence of statute, no personal liability on the part of the tax officer to the purchaser at an invalid tax sale. Moreover, the liability of a public officer is neither enlarged nor diminished by a statute providing that official bonds shall be security to all persons severally who are victims of official delinquency. . . . A collector is not liable for a defect in a tax title arising because of the failure of the collector to comply strictly with the requirements of law." . . . *Id.*, § 1041.

The foregoing principles of law are adopted by this Court and made the law of this jurisdiction.

Red Oak contends that since the statutes in question use the term "taxing authority" rather than "tax collector", such statutes are not applicable to a suit against a tax collector. This position is without merit. The tax collector is the statutory agent of the county, which can act only through its officers and agents. Red Oak's action is not a claim for some private wrong of Lane. It is a suit for Lane's alleged delicts while performing Marion County's business. For the purpose of such actions as this, the taxing authority, Marion County, and its tax collector are effectively one and the same. The waiver which is given by the statutes is plain and exclusive. The statutory provisions must be followed by a party seeking to recover for a defective tax title. Neither the county nor the tax collector has any other liability than that provided by the statutes.

The trial court was correct in holding that the two-year limitation provided by Section 65-2785 is applicable to the present case and that, since the limitation has expired, it would be a futile gesture to grant Red Oak the right to replead. This ruling, having been founded on a correct application of the law, does not constitute error.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.