### 21252

Leland T. AKERS and Mae H. Akers, Appellants, v. Bobby Dean HARD, a minor of the age of three (3) years and South Carolina Department of Social Services, Respondents.

(267 S. E. (2d) 536)

*Edward J. Dennis, IV*, of *Dennis, Dennis & Watson*, Moncks Corner, and *Randall M. Chastain*, Columbia, *for appellants*.

*Jane A. McFaddin*, Columbia, *for respondents*.

June 18, 1980.

HARWELL, Justice:

Appellants Leland T. and Mae H. Akers appeal from an order granting a demurrer to their petition for adoption. We affirm.

Appellants were notified by the respondent South Carolina Department of Social Services in May of 1978 that they had been approved generally as adoptive parents but not as adoptive parents for Bobby Dean Hard for whom they were then foster parents. To qualify as foster parents, the appellants signed a contract with respondent agreeing that the child assigned could be removed on sufficient notice whenever either party determined the child's best interests so required.

The parental rights of Bobby's natural parents were terminated on July 21, 1978, and the respondent Department acquired custody and authority to consent to adoption. On July 28, 1978, respondent sent notice to the appellants that Bobby was to be removed from their home on August 5, 1978. Appellants then began this action by obtaining an *ex parte* rule to show cause and temporary restraining order. At the show cause hearing the court took all matters under advisement and continued the temporary order until a hearing on the merits of the petition could be held. Succinctly put, the petition asks the court to issue its decree of adoption. Among the allegations contained in the petition is one stating that the respondent has unreasonably and arbitarily withheld consent to adoption in derogation of the best interest of the child.[1] Prior to any further action, respondent filed its demurrer. The court granted the demurrer and dissolved the temporary order.

This court stated in *Sease v. City of Spartanburg*, 242 S. C. 520, 131 S. E. (2d) 683 (1963) that:

---

[1] Adoptions in South Carolina are purely statutory; the process by which an adoption takes place is determined by the General Assembly. When an agency acquires custody of a child with the right to consent to adoption, statutory law provides that there can be no adoption without the consent. Section 15-45-70 S. C. Code Ann. (1976) in pertinent part states:

"An adoption of a child may be decreed when there have been filed written consents to adoption executed by:

(d) The executive head of an agency . . . if the rights of the parents have been judicially terminated and custody of the child had been legally vested in such agency with authority to consent to adoption of the child; or . . ."

"It is elementary that in passing upon a demurrer, the Court is limited to a consideration of the pleadings under attack, all of the factual allegations whereof that are properly pleaded are for the purpose of such consideration deemed admitted. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts. *Costas v. Florence Printing Co.*, 237 S. C. 655, 118 S. E. (2d) 696. A demurrer to a complaint does not admit conclusions of law pleaded therein. *Gainey v. Coker's Pedigreed Seed Co.*, 227 S. C. 200, 87 S. E. (2d) 486."

See also, *Red Oak Lands, Inc. v. Lane*, 268 S. C. 631, 235 S. E. (2d) 718 (1977); *Greneker v. Sprouse*, 263 S. C. 571, 211 S. E. (2d) 879 (1975).

Appellants' bare assertion that respondent agency has arbitrarily and unreasonably withheld consent is not a factual allegation but is merely a conclusion of law. The appellants have not stated facts from which even an inference can be drawn that the discretionary decision of the respondent agency amounted to unreasonableness or arbitrariness. It is axiomatic that no cause of action is stated absent sufficient allegations of facts. The granting of the demurrer by the trial judge was therefore proper.

Affirmed.

LITTLEJOHN and NESS, JJ., concur.

LEWIS, C. J., and GREGORY, J., dissent.

LEWIS, Chief Justice (dissenting):

As postured by the majority, the sole question is whether or not appellants' petition states a cause of action. The demurrer is upheld on the ground that the complaint states only conclusions of law. I think that the majority opinion disregards material factual allegations of the petition, which, when considered, clearly state a cause of action. I, therefore, dissent.

The petition alleged that the infant involved, now about six years of age, had been in their custody as his foster parents for a period of eighteen (18) months; that appellants had been approved by the respondent as eligible adoptive parents and they had applied for the adoption of the child; and that although respondent had the authority to consent to the child's adoption, respondent had failed to grant such consent and now seeks to take custody from appellants. It is further alleged that the best interests of the child would be served by granting the relief sought. The action of respondent, in withholding consent to the adoption by appellants, is described as unreasonable and arbitrary.

Despite the contention of the majority otherwise, the allegations, that appellants have had custody and care of the infant for eighteen (18) months, that respondent had approved them as adoptive parents, and that the actions of respondent in now attempting to take custody from them is not in the best interest of the child, are factual and are adequate to withstand demurrer.

Furthermore, even assuming the petition contained only a conclusion of law as claimed by the majority, its defect should not have been remedied by the granting of a demurrer. We have a long-standing principle, to which I would adhere, that:

Generally, pleadings are demurrable where conclusions of law are set forth therein in lieu of pleadable facts; and denials based thereon are insufficient to tender an issue. *Yet, where a pleading is defective in this respect, and such defect can be reached by a motion to make it more specific, the objection cannot be taken by demurrer. Athanas v. City of Spartanburg,* 196 S. C. 19, 12 S. E. (2d) 39. (Emphasis added.)

Although the majority does not address the issue of standing, I would hold that these foster parents who have custody of the child have standing to bring this action.

I respectfully dissent.

GREGORY, J., concurs.