283 S.C. 48 (1984)
320 S.E.2d 727
CHARLESTON COUNTY SCHOOL DISTRICT, Appellant,
v.
SOUTH CAROLINA STATE PORTS AUTHORITY, South Carolina Tax Commission, and Robert W. Ragin, as Charleston County Tax Assessor, Respondents.
0271
Court of Appeals of South Carolina.
Heard February 22, 1984.
Decided September 14, 1984.
*49 Augustine T. Smythe, Buist, Moore, Smythe & McGee, Charleston, for appellant.
William H. Vaughan, Jr., of Grimball, Cabaniss, Vaughan & Robinson, Charleston, Robert McC. Figg, Jr., of Robinson, McFadden, Moore, Pope & Stubbs, Columbia, for respondent S.C. State Ports Authority.
Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr., Asst. Atty. Gen. Jackson E. Fields, Jr., Columbia, for respondent, S.C. Tax Comm.
James A. Stuckey, Jr., Charleston, for respondent Robert W. Ragin.
Heard February 22, 1984.
Decided September 14, 1984.
SHAW, Judge:
This is an appeal from a circuit court order sustaining demurrers to a lawsuit instituted by appellant-Charleston County School District seeking a declaratory judgment that certain real property owned by the respondent-South Carolina State Ports Authority is not used exclusively for public purposes and not exempt from ad valorem taxation. The Ports Authority and respondent-South Carolina Tax Commission demurred to the complaint. (The Charleston County Tax Assessor did not enter a plea). We affirm.
*50 In February of 1980, Robert Ragin, the Charleston County Tax Assessor, determined twenty-two parcels of real property owned by the Ports Authority were not used exclusively for public purposes and assessed them for ad valorem taxation. The Ports Authority appealed the assessor's decision to the Tax Commission. The Charleston County School District was not a party. The Tax Commission reversed the conclusion of the assessor as to the taxability of eleven of those parcels, holding those parcels were used for the accomplishment of the Authority's purpose, were used exclusively for public purposes, and were exempt from taxation under Section 12-37-220 A(1) of the 1976 South Carolina Code of Laws (1983 Cum. Supp.).
No party to that administrative proceeding appealed the Commission's decision. The school district later instituted this action claiming its "right to the collection of taxes from the Authority pursuant to its millage levy is adversely affected by the erroneous construction of the statutes by the Commission and the assessor".
It is elementary in passing upon a demurrer, an appellate court is limited to a consideration of the pleadings under attack, all of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts, nor does it admit conclusions of law. Greneker v. Sprouse, 263 S.C. 571, 211 S.E. (2d) 879 (1975); Sease v. City of Spartanburg, 242 S.C. 520, 131 S.E. (2d) 683 (1963); Akers v. Hard, 275 S.C. 100, 267 S.E. (2d) 536 (1980). The use and determination of the demurrer in declaratory judgment actions is controlled by the same principles as apply in other cases. Dantzler v. Callison, 227 S.C. 317, 88 S.E. (2d) 64 (1955).
Also, the school district has another statutory remedy to contest the decisions of the Tax Commission. Section 12-3-140 (10) provides that the Tax Commission:
Shall carefully examine into all cases in which evasion or violation of the laws of the state relating to the assessment and taxation of property is complained of or discovered and into all cases in which property subject to *51 taxation has not been assessed or has been fraudulently or for any reason improperly or unequally assessed or the laws in any manner evaded or violated and shall cause to be instituted such proceedings as will remedy improper or negligent administration of the taxing of the property of the state.
Counsel for the Tax Commission states the school district could attempt to get the exemption revoked under this subsection of 12-3-140 and also subsection (14). We feel this procedure is a more appropriate remedy under the circumstances than a declaratory judgment action.
The school district has failed to prove the existence of a justiciable controversy as the controversy is not ripe for judicial determination. Any person aggrieved by the proposed assessments of real property is required to appeal the Commission's decision to the Tax Board of Review and then to the circuit court.[1]Owen Steel v. S.C. Tax Commission, S.C. 313 S.E. (2d) 636 (S.C. App. 1984). For the School district to receive a judicial determination of this issue, it must petition the Tax Commission for a reconsideration of its decision under Section 12-3-140 and then appeal the decision rendered under existing procedures. For other cases holding an action for declaratory relief improper where statutes specifically provide the manner for contesting tax assessments, see County of Maricopa v. Chatwin, 17 Ariz. App. 576, 499 P. (2d) 190 (1972); Board of County Comrs. v. Colorado Bd. of Assessment Appeals, 628 P. (2d) 156 (Colo. App. 1981); Boynton v. Carswell, 238 Ga. 417, 233 S.E. (2d) 185 (1977); La Salle Nat. Bank v. County of Cook, 57 Ill. (2d) 318, 312 N.E. (2d) 252 (1974); Giraud v. New Orleans, 359 So. (2d) 294 (La. App. 1978), cert. den. 362 So. (2d) 579 (La. 1978).
Here, the school district is maintaining its entitlement to ad valorem taxes which, if properly collected, would become part of its school funds. However, the school district is obviously not entitled to ad valorem taxes from *52 property exempt from such taxation. Because it is not being deprived of funds to which it is clearly entitled and because it has not been directly and adversely affected by the Tax Commission's application of Section 12-37-220 A(1), the school district lacks the legal interest, and thus the standing, to maintain a declaratory judgment action. See Barbour v. Little, 37 N.C. App. 686, 247 S.E. (2d) 252 (1978); State ex rel. Baxley v. Johnson, 293 Ala. 69, 300 So. (2d) 106 (1974); Aikens v. Jenkins, 534 F. (2d) 751 (7th Cir.1976); Simons v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed. (2d) 450 (1976).
Finally, the Commission and the Authority demurred on the grounds that this declaratory judgment action constitutes an impermissible collateral attack upon the Commission's decision. We agree.
The South Carolina Supreme Court has refused to allow collateral attacks under the guise of a declaratory judgment action upon the final judgment of a court of competent jurisdiction. Henry v. Cottingham, 253 S.C. 286, 170 S.E. (2d) 387 (1969); Jackson v. Cannon, 266 S.C. 198, 222 S.E. (2d) 494 (1976). We see no valid reason to allow a collateral attack upon the validity of an order issued by the proper administrative agency.
For the foregoing reasons, the sustaining of the demurrers is
Affirmed.
SANDERS, C.J., concurs.
BELL, J., concurs in result only.
NOTES
[1] A taxpayer aggrieved by the Tax Commission's decision concerning the exempt status of real property may by-pass the Tax Board of Review. Greenville Baptist Association v. Greenville County Treasurer, S.C., 315 S.E. (2d) 163 (S.C. App. 1984). However, the school district is not the taxpayer in this situation.