0294

Dorothy N. CARRINGTON, Respondent, Cross-Appellant, v. The CITY OF SPARTANBURG, Lloyd D. Cantrell, Dr. Paul H. Cook, and C. Henry DuPre, Commissioners of the Public Works of Spartanburg and the Spartanburg Water Works, Appellants, Cross-Respondents.

(322 S. E. (2d) 28)

Court of Appeals

*T. E. Walsh* and *William E. Walsh*, of *Gaines & Walsh*, and *Charles W. Jones*, of *Whiteside, Smith, Jones & Duncan*, Spartanburg, *for appellants, cross-respondents.*

*William C. Lyles*, of *Lyles, Lyles & Hammett*, Spartanburg, *for respondent, cross-appellant.*

Oct. 8, 1984.

BELL, Judge:

These cross appeals arise from a negligence action commenced by Dorothy Carrington against the City of Spartanburg and its Commissioners of Public Works. Carrington alleges she was severely injured when she fell into two muddy holes between the curb and the front property line of her house in the City of Spartanburg. She further alleges the holes were dug in the course of repair work on a city water line by officers, agents, and employees of the City and the Commissioners.

The City and the Commissioners demurred on the ground that the complaint shows on its face Carrington did not file a certified claim for her damages within 180 days after the date of her injuries as mandated by Section 5-7-70, Code of Laws of South Carolina, 1976. The circuit court overruled the demurrers. However, the court did grant the City's motion to strike certain portions of the complaint. The City and the Commissioners appeal from the overruling of their demurrers. Carrington cross appeals from the granting of the City's motion to strike.

In passing on a demurrer, this Court is limited to consideration of the allegations of the complaint. A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from such facts, nor does it admit conclusions of law. *Akers v. Hard*, 275 S. C. 100, 267 S. E. (2d) 536 (1980); *Charleston County School District v. South Carolina State Ports Authority*, 320 S. E. (2d) 727 (S. C. App. 1984).

According to the well pleaded factual allegations of the complaint, Carrington was injured on November 4, 1980. As a result of her injuries she was confined to the hospital from

November 4, 1980, to January 15, 1981, and thereafter to her home for approximately three months. She filed a notice of her claim on May 29, 1981, and a supplemental claim on July 8, 1981. She concedes that her claim was first filed at least twenty-five days after the statutory 180 day period had expired.

On the basis of these facts, Carrington alleges that "at the time notice should have been given, Plaintiff was under such mental and physical disability as to render it impossible for her by ordinary means at her command to give notice and such notice was given within a reasonable time after the disability was removed."

The circuit court stated that ordinarily the giving of timely notice of claim is a condition precedent to the right to maintain an action under Section 5-7-70. However, on the authority of *Carter v. City of Greensboro*, 249 N. C. 328, 106 S. E. (2d) 564 (1959), the court held that failure to file a claim within statutory period may be excused if, by reason of the injury on which the claim is based, the plaintiff was under such mental or physical disability as rendered it impossible for him by any ordinary means at his command to give notice within the statutory period, and he files the claim within a reasonable time after the disability is removed. Applying this principle, the court concluded Carrington's failure to file notice of claim within 180 days of her injury was excused on the facts alleged in the complaint.

The City and the Commissioners claim the circuit court erred in adopting *Carter v. City of Greensboro* as the law in South Carolina. We agree.

The common law doctrine of sovereign immunity has been recognized in South Carolina for many years. *Shea v. State Department of Mental Retardation*, 279 S. C. 604, 310 S. E. (2d) 819 (S. C. App. 1983). The doctrine bars suits against the State without the express consent of the legislature. *Tucker v. Kershaw County School Dist.*, 276 S. C. 401, 279 S. E. (2d) 378 (1981). Sovereign immunity extends to bar actions against municipalities. *Belue v. City of Spartanburg*, 276 S. C. 381, 280 S. E. (2d) 49 (1981).

The General Assembly has created an exception to the general immunity of municipal corporations in Section 5-7-70. That statute imposes liability upon munici-

palities for injuries to persons or property caused by a defect in a public way. By its terms the statute requires a plaintiff to do certain acts, bear certain burdens, and limit or forego certain elements of damages, none of which are required of a plaintiff in a negligence action against a private person. Since the statute is in derogation of the common law, we must construe it strictly in favor of immunity. One who would maintain an action under the statute must bring himself precisely within its terms. *Hollifield v. Keller*, 238 S. C. 584, 121 S. E. (2d) 213 (1961); *see also Hazard v. South Carolina State Highway Department*, 264 S. C. 386, 215 S. E. (2d) 438 (1975); *Coker v. Nationwide Mutual Insurance Co.*, 243 S. C. 170, 133 S. E. (2d) 122 (1963).

■ The notice of claim provision of Section 5-7-70 states:

> Before any action can be brought under this section a claim duly certified shall be filed with such municipal corporation within one hundred eighty days after the date of such injury or damage or action commenced within such time on a verified complaint.

The statute mentions no exception to the 180 day filing period in a case of disability. There is no provision extending the filing period for any reason. While we find force in Carrington's argument that such an exception should exist, we do not conceive it our function to "improve" legislation by judicial amendment. No South Carolina case has adopted the rule in *Carter v. City of Greensboro*. To the contrary, our case law has uniformly rejected appeals to relax the plain requirements of the statute. *Hollifield v. Keller, supra; see Milligan v. South Carolina Department of Highways and Public Transportation*, 320 S. E. (2d) 505 (S. C. App. 1984); *cf. Brown v. County of Lexington*, 320 S. E. (2d) 498 (S. C. App. 1984). Since we are bound to construe the statute strictly in favor of immunity, we decline to create an exception when neither the legislature nor the Supreme Court has done so.

Accordingly, we reserve the judgment of the circuit court and remand for entry of judgment sustaining the demurrers of the City and the Commissioners. In view of this disposition, it is unnecessary for us to decide the other issues raised by the appeal and the cross appeal.

Reversed and remanded.

SHAW and CURETON, JJ., concur.