23247

GREENWOOD COUNTY, Appellant v. Emma Mae MCDONALD, Truman Summer, Dolly Summer Johnson, Clyde Summer, Mildred Ann Summer Hubbs, Irvin Summer, Dorothy Alexander, Earl Shealy, Ollie Bell Summer, Barbara Summer McEwan, Forest Summer, Jr., Carolyn Summer Holtz, Bertha Summer, Harold Summer, Jo Nell Summer White, Doris Summer Murphy, Mildred Summer Stroberg, Michael Summer, Carl Summer, Jr., Scott Summer, Mois Courtney, Pauline Norris, Alvin Summer, Ruby Summer, Carrol Eargle, Jr., Frank Eargle, Neal Eargle, Paul Eargle, James Eargle, Maron Eve, Gladys Taylor, Essie Mills, Sara Summer, Gwen Summer Attaway, Dianne Summer Branham, Gail Summer Wood, Martie Summer Bryant, Susan summer Hill, Nancy Johnson Ezell, David Paul Johnson, Elaine Johnson Bedenbaugh, William Ned Johnson, W. David Johnson, Colie Summer, James Summer, and also all of the persons unknown, claiming any right, title, estate, interest in or lien upon the real estate described herein, Respondents.

(394 S.E. (2d) 325)

Supreme Court

*Stephen D. Baggett* and *William B. Watkins,* Greenwood, *for appellant.*

*John DeVore Compton, III, Charles & Charles,* Greenwood, *for William K. Charles, III, for respondents.*

Heard June 5, 1990.

Decided July 23, 1990.

*Per Curiam:*

Greenwood County (County) appeals an Order dismissing its Petition of Condemnation.

We reverse.

## FACTS

County owns 53 acres of landlocked property abutting

Lake Greenwood. In February, 1988, it filed a Petition of Condemnation seeking to acquire a 50-foot wide strip across Respondents' (The Summers) estate, for purposes of constructing a public access road to its tract.

At present, County has no specific plans, but concedes it may sell the tract to a private developer in the future.

Circuit Court dismissed the Petition, holding that, absent plans by the County for the use of its property, condemnation of the Summers' property constituted an abuse of discretion.

## ISSUE

The sole issue is whether the County may condemn the Summers' property for construction of a public road.

## DISCUSSION

The power of eminent domain is restricted to the taking of private property for "public use." S.C. Const. art. 1, § 13; *Karesh v. City of Charleston*, 271 S.C. 339, 247 S.E. (2d) 342 (1978). Whether the use is a public one is primarily a legislative determination, *Timmons v. Tricentennial Commission*, 254 S.C. 378, 175 S.E. (2d) 805 (1970), and will not be overturned absent fraud, bad faith, or a clear abuse of discretion. *Sease v. City of Spartanburg*, 242 S.C. 520, 131 S.E. (2d) 683 (1963).

The Summers maintain that, since County may sell the 53-acre tract to a single individual, the proposed road is not, in fact, for the "public use." We disagree.

The test as to whether roads are public or private is how many have a full and unrestricted right in common to use them. If the public has the right to use the way at pleasure and on equal terms, the way is a public one, even though in reality it is seldom used. . . . If it is intended for the use of the public and may be traveled by any person who desires to use it, the power of eminent domain may properly be exercised, even though . . . it may accommodate only a limited portion of the public or even only a single family. . . . Likewise, land may be taken for a public highway, even though it constitutes a cul-de-sac, has limited access . . . or leads to the residence of a single individual. . . .

26 Am. Jur. (2d) *Eminent Domain* § 46 at 701-02 (1966). *See also,* 29A C.J.S. *Eminent Domain* § 31 at p. 267 (1965); *Nichols on Eminent Domain,* 3rd Ed., 7.22[1] (1983).

It is undisputed that the proposed road will be open to the public, notwithstanding County's ultimate disposition of its property. It is the *right* of the general public to use the road which is determinative, not the number who actually exercise the right.

Accordingly, Circuit Court erred in holding that County's condemnation of the property was an abuse of discretion.

The judgment of the Trial Court is reversed and County's Petition of Condemnation is granted.

Reversed.